# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| DAVID GEVAS, | ) | |
| | ) | |
| Plaintiff, | ) | No. 08-CV-3074 |
| | ) | |
| v. | ) | Judge Guzman |
| | ) | |
| | ) | |
| TERRY MCCANN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANTS DR. PARTHASARATHI GHOSH, AND DR. EVARISTO AGUINALDO'S MOTION FOR JUDGMENT AS A MATTER OF LAW

Defendants, DR. PARTHASARATHI GHOSH, and DR. EVARISTO AGUINALDO, by their attorneys, CHARYSH & SCHROEDER, LTD., for their motion pursuant to F.R.C.P 50 for judgment as a matter of law state:

### FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES

1. Plaintiff claims defendant Ghosh was deliberately indifferent to his serious medical needs by failing to properly respond to his grievances and making an appointment for him to see a dentist and by performing a prostate examination with excessive force.

2. Pursuant to the Prison Litigation Reform Act, "No action shall be brought with respect to prison conditions under Section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C.A. § 1997e

3. In ***Pavey v. Conley***, 544 F.3d 739 (7th Cir., 2008) the Seventh Circuit found that a plaintiff does not have a Seventh Amendment right to a jury determination of

whether he exhausted his administrative remedies and set forth a new sequence to be followed in cases where exhaustion is contested. Under this sequence it is the District Judge who decides if the plaintiff exhausted his remedies. If the failure to exhaust was the plaintiff's fault, the case is over.

4. Unless a prisoner completes the administrative process by following the rules the state has established for the process, exhaustion has not occurred. *Pozo v. McCaughtney*, 286 F.3d 1022 (7th Cir. 2002)

5. Illinois has a formal administrative grievance process. *See 20 Ill. Adm. Code §504.820*. Pursuant to this process an offender must first attempt to resolve any problems (other than those involving disciplinary proceedings) through his counselor. If he is unable to resolve his complaint informally, he must then file a grievance. This grievance must be filed within 60 days after the discovery of the problem which gives rise to the grievance. The grievance shall contain factual details regarding each aspect of the offender's complaint, including what happened, when, where, and the **name of each person who is subject to or otherwise involved in the complaint**. (*20 Ill. Admin. Code §504.810(a & b)*)

6. The grievance is then submitted to a grievance officer who reviews it. The officer considers the grievance and reports his or her findings and recommendations in writing to the Chief Administrative Officer of the facility. The Chief Administrative Officer shall advise the offender of the decision in writing within 2 months after receipt of the written grievance, if reasonably feasible. (*20 Ill. Admin. Code §504.830*)

7. If, after receiving the response of the Chief Administrative Officer, the offender still feels that the problem has not been resolved, he may appeal to the Director

in writing within 30 days after the date of the decision. The Director, or his designate, reviews the grievance and the responses and determines if the grievance requires a hearing or if it can be resolved without a hearing. The findings are then provided to the offender. (*20 Ill. Admin. Code §504.850*)

8. An inmate must exhaust all available administrative remedies before filing a lawsuit challenging prison conditions. 42 U.S.C. § 1997e(a); ***Woodford v. Ngo***, 548 U.S. 81, 126 S.Ct. 2378, 2382-83, 165 L.Ed.2d 368 (2006); ***Pozo v. McCaughtry***, 286 F.3d 1022, 1024 (7th Cir.2002). This means that inmates must follow a state's rules about the content of grievances, ***Strong v. David***, 297 F.3d 646, 649 (7th Cir.2002)

9. In the present case it is clear plaintiff did not file **any** grievances against Dr. Ghosh for **any** reason, much less appeal those grievances or exhaust the administrative remedies available to him.

10. Plaintiff's claim isn't solely that Dr. Ghosh did not respond to the grievances regarding his dental condition in a manner which satisfied him, it is that the response delayed his treatment. It is clear, that complaints about medical treatment in prison are complaints about prison conditions and subject to the exhaustion requirement. ***Witzke v. Femal***, 376 F.3d 744 (7th Cir., 2004). As such plaintiff was required to exhaust his administrative remedies as to Dr. Ghosh's alleged failure to schedule a dental appointment.

11. With regard to the claim that Dr. Ghosh performed the prostate exam with excessive force, plaintiff simply did not file any grievances concerning such a complaint.

12. As plaintiff has not exhausted his administrative remedies concerning any claims against Dr. Ghosh, judgment should be entered in his favor and against plaintiff.

## PLAINTIFF'S DELIBERATE INDIFFERENCE CLAIMS

13. A state official violates the due process rights of a pretrial detainee when he acts with deliberate indifference toward the detainee's serious medical needs. *Murphy v. Walker*, 51 F.3d 714, 717 (7th Cir.1995); *Brownell v. Figel*, 950 F.2d 1285, 1289 (7th Cir.1991); *Salazar v. City of Chicago*, 940 F.2d 233, 239 (7th Cir.1991). "Deliberate indifference" is simply a synonym for intentional or reckless conduct, and that "reckless" describes conduct so dangerous that the deliberate nature of the defendant's actions can be inferred. *Brownell*, 950 F.2d at 1290. In this sense, the due process standard is analogous to that utilized in the Eighth Amendment context, where prison officials may be found liable for disregarding a substantial risk to an inmate's health or safety. See *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994)

14. The Eighth Amendment does not provide a right to a specific treatment. *Forbes,* 112 F.3d at 267 ("[The plaintiff] is not entitled to demand specific care. She is not entitled to the best care possible. She is entitled to reasonable measures to meet a substantial risk of serious harm to her."). To infer deliberate indifference on the basis of a prison physician's treatment decision, the decision must be so far afield of accepted professional standards as to raise the inference that it was not actually based on a medical judgment. *Norfleet v. Webster*, 439 F.3d 392 (7th Cir. 2006)

15. In this case the only testimony questioning the propriety of the care provided plaintiff by the defendants is his own, unsubstantiated, untrained, opinions. Plaintiff has presented no medical evidence of inadequate medical care to counter the testimony of Drs. Aguinaldo and Ghosh.

16. Without any medical evidence of inadequate treatment, a prisoner's self-serving opinion of the quality of treatment is insufficient to raise a genuine issue of material fact. *Walker v. Zunker* 30 Fed.Appx. 625 (7th Cir., 2002). See also *Walker v. National Recovery, Inc.*, 200 F.3d 500, 503 (7th Cir.1999).

17. Plaintiff's claim against Dr.Ghosh related to his dental condition is his treatment was delayed by Dr. Ghosh not making an appointment for him to see the dentist sooner than he actually did. In cases where plaintiff is claiming a delay in medical treatment, plaintiff must offer medical evidence that tends to confirm or corroborate a claim that the delay was detrimental. *Williams v. Liefer*, 491 F.3d 710 (7th Cir., 2007). Plaintiff provided no such medical evidence.

18. With regard to plaintiff's claim that Dr. Ghosh performed the prostate exam with excessive force, plaintiff provided no evidence, other than his own untrained self serving testimony in support of this claim.

19. With regard to the claim that Dr. Aguinaldo's treatment of his finger fungus (i.e. providing guidance to keep his fingernails clean and dry, and wearing a glove while at work) amounted to deliberate indifference, plaintiff again provides no evidence, other than his untrained self serving testimony that this treatment was not proper.

20. In this case the only medical evidence is that the treatment provided by defendants Ghosh and Aguinaldo was proper. Plaintiff's self serving testimony and argument do not change this. As plaintiff has not satisfied his burden of proving defendants were deliberately indifferent to his serious medical needs, judgment should be entered in favor of defendants and against plaintiff.

WHEREFORE, defendants DR. PARTHASARATHI GHOSH, and DR. EVARISTO AGUINALDO, respectfully request this Honorable Court grant their Motion and enter judgment against plaintiff and in their favor, award defendants their attorneys fees and grant such other, further relief as the Court deems just and proper.

            CHARYSH & SCHROEDER, LTD.

            __s/ Michael J. Charysh_____

CHARYSH & SCHROEDER, LTD.
33 North Dearborn Street
Suite 1300
Chicago, Illinois 60602
(312) 372-8338
Michael J. Charysh (ARDC# 6187455)
Richard A. Tjepkema (ARDC # 6217445)

**PROOF OF SERVICE BY ELECTRONIC FILING AND U.S. MAIL**

   The undersigned attorney certifies that on July 11, 2011, this document was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record at the email addresses indicated above; this notice, and the documents referred to therein have also been served on all parties not electronically served by causing a copy of the same to be placed in the U.S. Mail at 33 North Dearborn Street, Chicago, Illinois on or before 5:00 p.m. on July 11, 2011, with proper postage prepaid.

                      __ s/ Michael J. Charysh __