IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID GEVAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08 C 3074 |
| | ) | |
| TERRY McCANN, et al., | ) | Judge Guzman |
| | ) | |
| Defendant. | ) | |

**MOTION FOR JUDGMENT AS A MATTER OF LAW AS
PLAINTIFF FAILED TO EXHAUST HIS ADMINISTRATIVE REMEDIES**

NOW COME Defendants, MICHAEL BORKOWSKI and OLIVER HENDERSON, by and through their attorney, LISA MADIGAN, Illinois Attorney General, pursuant to Fed.R.Civ.P. 50, and hereby file their Motion for Judgment as a Matter of Law, and in support thereof, state as follows:

This action is brought by David Gevas (hereinafter "Plaintiff"), pursuant to 42 U.S.C. § 1983. Plaintiff claims Michael Borkowski and Oliver Henderson were deliberately indifferent to his medical needs by failing to assist Plaintiff in scheduling and attending a dental appointment, and for failing to provide a renewal of a prescription medication for Plaintiff's fungal infection. Plaintiff failed to exhaust his administrative remedies before filing this suit on the issues alleged in his Complaint, and therefore judgment should be entered for on Defendants' behalf as a matter of law.

Pursuant to the Prisoner Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), an inmate is precluded from bringing a claim under 42 U.S.C. § 1983 with respect to prison conditions until such time as all administrative remedies available to the inmate

1

have been exhausted. **Porter v. Nussle**, 531 U.S. 516, 532 (2002). In the context of a failure to exhaust administrative remedies, the Court, and not a jury, must resolve all factual disputes and determine whether the plaintiff has met the exhaustion requirement. **Pavey v. Conley**, 544 F.3d 739, 741–42 (7th Cir. 2008). If the District Judge determines that the prisoner did not exhaust his administrative remedies, and the failure to exhaust was the prisoner's fault, the case is over. **Pavey**, at 741-742.

The Seventh Circuit has taken a strict compliance approach to exhaustion, requiring a prisoner to pursue all available administrative remedies and comply with the prison's procedural rules and deadlines. **Pozo v. McCaughtry**, 286 F.3d 1022, 1025 (7th Cir., 2002). Only through the full completion of a prison or jail's administrative procedures can an inmate exhaust his administrative remedies. **Pozo**, 286 F.3d, at 1023; **Santiago v. Snyder**, 211 Fed.Appx. 478, 480 (7th Cir., 2006). The exhaustion of administrative remedies also includes administrative time limits. **Pozo**, 286 F.3d at 1025. If a prisoner fails to properly utilize the prison's grievance process, including belated filings, the prison administration authority can refuse to hear the case, and the prisoner's claim can be considered unexhausted. **Id.**

In this case Plaintiff failed to exhaust his administrative remedies against either of these Defendants on the issues alleged in his Complaint. The grievance records show, and Plaintiff testified, that he did not grieve Henderson's alleged refusal to let him out of his cell for a dental appointment on March 28, 2007, until July 31, 2007 four months later. This is well beyond the sixty day time period allowed by the Illinois Department of Corrections grievance procedure. Plaintiff never grieved about Defendant Borkowski's

alleged refusal to schedule him for a dental appointment, nor his alleged refusal to renew his prescription for Gris-Peg.

Plaintiff did not grieve the issues alleged in his Complaint against these Defendants, and thus failed to exhaust his administrative remedies before filing this lawsuit. Therefore, Defendants are entitled to judgment as a matter of law, pursuant to the PLRA, 42 U.S.C. §1997e.

WHEREFORE, based on the foregoing, pursuant to Rule 50 of the Federal Rules of Civil Procedure, and the PLRA, 42 U.S.C. §1997e, Defendants Michael Borkowski and Oliver Henderson move this Honorable Court to enter judgment as a matter of law in their favor for Plaintiff's failure to exhaust his administrative remedies before filing this lawsuit, and for such further relief as the Court finds reasonable and just.


Respectfully Submitted,

LISA MADIGAN
Attorney General of Illinois

/s/ Christopher E. Walter
/s/ Matthew Smith
Assistant Attorney General
General Law Bureau
100 W. Randolph St., 13th Fl.
Chicago, Illinois 60601
(312) 814-4416
(312) 814-4451