IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID GEVAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08 C 3074 |
| | ) | |
| TERRY McCANN, et al., | ) | Judge Guzman |
| | ) | |
| Defendant. | ) | |

## MOTION FOR JUDGMENT AS A MATTER OF LAW

NOW COME Defendants, MICHAEL BORKOWSKI and OLIVER HENDERSON, by and through their attorney, LISA MADIGAN, Illinois Attorney General, pursuant to Fed.R.Civ.P. 50, and hereby file a Motion for Judgment as a Matter of Law, and in support thereof, state as follows:

The trial court may enter judgment as a matter of law at the close of, or before the close of, a Plaintiff's case-in-chief when it is clear that the Plaintiff cannot prove his case with the evidence already submitted or with evidence that he plans to submit. **Greene v. Potter**, 557 F.3d 765, 1 (7th Cir. 2009).

> "If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may: (A) resolve the issue against the party; and (B) grant a motion for judgment as a matter of law against the party on a claim or defense that ... can be maintained or defeated only with a favorable finding on that issue."
> Fed.R.Civ.P. 50(a)(1).

"A motion for judgment as a matter of law may be made at any time before the case is submitted to the jury." Fed.R.Civ.P. 50(a)(2).

1

This action is brought by David Gevas (hereinafter "Plaintiff"), pursuant to 42 U.S.C. § 1983. Plaintiff claims Michael Borkowski and Oliver Henderson were deliberately indifferent to his medical needs by failing to assist Plaintiff in scheduling and attending a dental appointment, and for failing to provide a renewal of a prescription medication for Plaintiff's fungal infection. In order to state a claim under the Eighth Amendment for lack of medical treatment or denial of medical care, two requirements must be met; first, the medical need must be serious; and second, the official or doctor must have a state of mind that is deliberately indifferent to the inmate's health or safety. **Farmer v. Brennan**, 511 U.S. 825, 834 (1994).

Plaintiff has failed to provide any admissible evidence that either Michael Borkowski or Oliver Henderson were deliberately indifferent to any serious medical need, and judgment should be entered on Defendants' behalf as a matter of law.

## **MICHAEL BORKOWSKI**

Plaintiff has testified that that he informed Defendant Borkowski of his need to see a dentist on or about March 15, 2007 due to an abscessed tooth, but Borkowski refused to schedule an appointment. Plaintiff further testified that Borkowski stated that he would not help Plaintiff. Medical records, and Plaintiff's testimony, show that he was scheduled to see the dentist on March 28, 2007, less than two weeks after his alleged request to Borkowski.

Borkowski has testified that he does not recall Plaintiff asking him to schedule a dental appointment. Furthermore, if an inmate made such a request Borkowski would have instructed the inmate to follow prison procedure and place a request for an

2

appointment in the Request Box.

Plaintiff testified that Borkowski refused to renew his prescription for anti-fungal medication (Gris-Peg). However, Plaintiff admitted during his testimony that he gave Borkowski the sticker for renewal of the prescription, and Borkowski took it and walked toward the entrance to the cell house. Plaintiff testified that he did not know what happened to the renewal sticker after that. However, when he subsequently asked Dr. Aguinaldo to renew the prescription for Gris-Peg, Dr. Aguinaldo refused to order a refill. LaTanya Williams and Dr. Aguinaldo both testified that the Plaintiff's prescription for Gris-Peg was not written with a refill.

Finally, Borkowski testified that Correctional Medical Technicians do not have the authority to renew prescriptions. Borkowski testified that if an inmate wanted a prescription renewed the prison procedure was to put the renewal sticker on a piece of paper and put it in the Request Box. A staff physician would then decide whether to renew the prescription or not.

Plaintiff's allegations against Borkowski do not rise to the level of a constitutional violation. Plaintiff testified that Borkowski refused to schedule an appointment, but admits that such an appointment was scheduled nonetheless. Thus, the Plaintiff suffered no damage. Further, Borkowski testified that prison procedure called for the plaintiff to schedule the appointment himself through the Request Box. Defendant Borkowski cannot be held accountable for the Plaintiff's failure to follow procedure of which he was aware.

With respect to the renewal of Gris-Peg, Plaintiff has pleaded himself out of court. Plaintiff testified that Borkowski took the prescription renewal sticker from him

3

and walked away, and Plaintiff has no idea what happened to it. Plaintiff can only invite the jury to speculate that Borkowski did not submit the renewal. In any event, Dr. Aguinaldo did not renew the prescription so the Plaintiff was never deprived of any medication that he was entitled to through Defendant Borkowski's alleged conduct.

Finally, Plaintiff has testified that during the relevant time of his Amended Complaint Defendant Henderson was the Gallery Officer for his gallery in the cell house, and Henderson has testified that he was the Gallery Officer in "C" House in 2007. However, Defendant Borkowski has testified that during the year 2007 he was assigned to "D" and "E" Houses and not to "C" House."

Plaintiff has provided no evidence that Defendant Borkowski was deliberately indifferent to a serious medical need, and Borkowski is entitled to judgment as a matter of law.

## OLIVER HENDERSON

Plaintiff's only allegation against Defendant Henderson is that on March 28, 2007 Henderson did not let him out of his cell and escort him to his dental appointment. Plaintiff testified that on March 28, 2007 Defendant Henderson would not allow him to attend his dental appointment, even though he had a pass from the Dental Clinic.

Henderson has testified that he does not recall this incident. Henderson further testified that he has often served as a Gallery Officer at Stateville Correctional Center, and on those occasions releasing inmates from their cells to go to work, Sick Call, or the Health Care Unit has been part of his responsibility. Henderson testified that he has released Gevas from his cell to go to work on numerous occasions since 2003.

4

Henderson testified that if an inmate was on a Movement Sheet to be taken to another part of the prison, he would have let him out of the cell and escorted him down to the ground floor where inmates are gathered for movement. Henderson testified that the procedure for moving prisoners includes Gallery Officers, Movement Coordinators, and escort guards who actually take prisoners to their destinations. Henderson testified that it would not be according to procedure for the Gallery Officer to let a prisoner out of his cell and personally escort him to his destination.

Henderson further testified that a number of factors could result in a prisoner not being let out of his cell by a Correctional Officer. These include the instance where a prisoner's name is not on the Movement Sheet, where the Correctional Officer in question was not the Gallery Officer, if the inmate refused to leave his cell, or the prison was in lockdown. Plaintiff could not testify that Henderson was in fact the Gallery Officer for Plaintiff's gallery that day, or that Plaintiff's name was on the Movement Sheet to go to the Dental Clinic.

Henderson testified that if an inmate had a pass to go to a medical appointment but was prevented from going, he could tell the Correctional Officer Sergeant about the appointment and he and any other inmates with such appointments would be taken to the Health Care Unit. Plaintiff has testified that he did not tell the Sergeant about his dental appointment on March 28, 2007.

Gevas' dental records indicate that he was a "No Show" for his appointment on March 28, 2007. See Plaintiff's Trial Exhibit No. 1. Dr. Jacqueline Mitchell, a dentist at Stateville Correctional Center and former Health Care Administrator was called to testify

by the Plaintiff. Dr. Mitchell testified that if Gevas had informed personnel at the Dental Clinic that he had been prevented from attending his appointment by a correctional officer, it would have been noted in the dental record. However, no such notation is found. Plaintiff's testimony is vague and speculative, and does not rise to the level of a constitutional violation, and Henderson is entitled to judgment as a matter of law.

WHEREFORE, based on the foregoing, pursuant to Rule 50 of the Federal Rules of Civil Procedure, Defendants Michael Borkowski and Oliver Henderson move this Honorable Court to enter judgment as a matter of law in their favor, and for such further relief as the Court finds reasonable and just.

|  |  |
|---|---|
| LISA MADIGAN<br>Attorney General of Illinois | Respectfully Submitted,<br><br>/s/ Christopher E. Walter<br>/s/ Matthew Smith<br>Assistant Attorney General<br>General Law Bureau<br>100 W. Randolph St., 13th Fl.<br>Chicago, Illinois 60601<br>(312) 814-4416<br>(312) 814-4451 |