**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| David Gevas, ) | |
| ) | |
| Plaintiff, ) | No. 08 C 3074 |
| ) | |
| v. ) | Hon. Ronald A. Guzman |
| ) | |
| Terry McCann, et al., ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION
FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT**

Permitting amendment would not prejudice the Defendants because they have already propounded significant discovery related to the proposed amendment and no additional discovery is needed. Rather, the proposed amendment merely pleads an alternative theory on the same facts. Dr. Selmer does not argue prejudice, and Dr. Mitchell's prejudice argument is boilerplate and unsupported. Moreover, there has been no undue delay in bringing the proposed amendment, which comes through newly appointed counsel soon after the Seventh Circuit's decision repositioning the case on the conduct of these Defendants related to Plaintiff's dental claim, and following the discovery of additional evidence. In addition, the proposed amendment is not futile for failure to comply with 735 ILCS 5/2-622 because the rule is inapplicable in federal court and in any event has been complied with.

Defendants' contrary arguments ignore facts, fail to address Plaintiff's cases, and misinterpret precedent. Below Plaintiff addresses Defendants' errors regarding (I) the lack of prejudice to Defendants; (II) the lack of undue delay on the part of the Plaintiff; and (III) why 735 ILCS 5/2-622 provides no basis for finding that permitting amendment would be futile.

**I.      Permitting Amendment Would Not Prejudice the Defendants**

The key factor in giving leave to amend pleadings is finding a lack of prejudice. *See*,

1499435

*e.g.*, *United States v. Hougham*, 364 U.S. 310, 316 (1960) ("Rule 15 . . . was designed to facilitate the amendment of pleadings except where prejudice to the opposing party would result"); C. Wright & A. Miller et al., 6 Fed. Prac. & Proc. Civ. § 1487 (3d ed. 2012) (lack of prejudice is "[p]erhaps the most important factor . . . if the court is persuaded that no prejudice will accrue, the amendment should be allowed") (collecting cases); *see also Gevas v. Mitchell*, 492 F. App'x 654, 659 (7th Cir. 2012) (reversing denial of leave to amend because the defendants could not explain "how any of them would have been prejudiced").

   Dr. Mitchell argues that permitting amendment would require Defendants to "re-litigate the entire case" and "incur new rounds of costly discovery, including expert testimony for the medical malpractice claim" (Mitchell Resp. at 2), citing cases where prejudice existed only because plaintiffs were adding after the close of discovery *new defendants* and claims involving *new facts*. *Sanders v. Venture Stores, Inc.*, 56 F.3d 771, 772–74 (7th Cir. 1995) (plaintiffs sought to add four new defendants and a contract claim to their Title VII claim); *Feldman v. Am. Mem'l Life Ins. Co.*, 196 F.3d 783, 788, 793 (7th Cir. 1999) (plaintiff sought to add new defendant and additional ERISA claim). But no new defendants are being added here and Dr. Mitchell fails to identify which witnesses it would re-depose, why she would need to re-depose them, or what additional written questions she would ask Plaintiff. Moreover, expert discovery has not yet begun, and Dr. Mitchell fails to explain why the number of experts or expert depositions in this case will be different if a negligence claim is added to the deliberate indifference claim. Dr. Selmer does not claim prejudice at all. The Defendants have taken written and deposition discovery about the very same facts pleaded in the Third Amended Complaint out of which the proposed negligence claim arises and seeks only to add a new legal theory. This is why the negligence count logically could have been pleaded from the outset, because a claim can be stated using the same set of pleaded facts about which the parties have conducted discovery.

Under these circumstances, as Plaintiff explained with the following citations in his opening brief at 1–2 that Defendants ignore, no additional discovery is needed. *Meade Elec. Co., Inc. v. Kiewit Indus. Co.*, No. 90 C 344, 1991 WL 47353, at *2 (N.D. Ill. Apr. 1, 1991) (granting motion to amend and finding no prejudice where parties "have already pursued discovery" with respect to the matter of the amendment); *Lumpkin v. Int'l Harvester Co.*, No. 81 C 6674, 1986 WL 1996, at *24 (N.D. Ill. Feb. 10, 1986) (granting leave to amend where opponent could "not specify why the completed depositions of the three plaintiff class members would need to be retaken"); *Foman v. Davis*, 371 U.S. 178, 182 (1962) (district court abused discretion by denying leave to amend where "the amendment would have done no more than state an alternative theory for recovery").

In short, the proposed amendment merely pleads an alternative theory on the same facts. Thus, there can be no prejudice. "Defendants might lose under the new theory but that does not count as prejudice." *Harbison v. Little*, No. 3:06-CV-01206, 2007 WL 6887552, at *7 (M.D. Tenn. July 19, 2007).

Moreover, Plaintiff is willing to extend discovery if Dr. Mitchell actually needs it, in which case amendment should be permitted under the liberal amendment standard Dr. Mitchell agrees is controlling. Mitchell Br. at 1; *see also Hutchins v. Clarke*, 661 F.3d 947, 957 (7th Cir. 2011) (permitting amendment even after completion of discovery where defendant had "a fair opportunity to defend"). However, Plaintiff doubts that Dr. Mitchell needs any additional discovery given that she doesn't identify any. Her claim of prejudice is a ploy.

II. **There Has Been No Undue Delay in Bringing the Proposed Amendment**

"[D]elay on its own is usually not reason enough for a court to deny a motion to amend," especially where there has been no demonstration of prejudice. *Gevas*, 492 F. App'x at 659. Furthermore, there has been no undue delay here because "it is better to allow parties to amend

pleadings as discovery progresses, than to force them to plead anything conceivable at the outset, just in case." *Zurich Am. Ins. Co. v. Int'l Fid. Ins. Co.*, 204 F.R.D. 111, 113 (N.D. Ill. 2001).

Plaintiff could not have previously discovered Dr. Selmer's position of "if anything, then negligence," because he has only recently been served with process and deposed since the Seventh Circuit's decision and appointment of new counsel. Plaintiff also could not have previously discovered the full scope of Dr. Mitchell's responsibilities as a dentist despite her deposition testimony otherwise until the recent deposition testimony from Dr. Selmer and Dr. Mitchell's responses to requests for admission referenced in Plaintiff's opening brief. Armed with this additional information to support a clam of negligence, Plaintiff should be allowed to add such a claim given that there is no prejudice to the Defendants. There can be no serious accusation of purposeful dilatoriness or bad faith here. *Id.*; *see, e.g., Bower v. Jones*, 978 F.2d 1004, 1010 (7th Cir. 1992) (finding no undue delay where movant sought leave to amend "soon after he had the documents to support it" even though it was late in discovery); *Island Creek Coal Co. v. Lake Shore, Inc.*, 832 F.2d 274, 279 (4th Cir. 1987) (reversing denial of motion to amend filed 3 ½ years into discovery but only 3 months after movant "acquired knowledge of the facts on which this new count rests" and finding that "there was no showing of purposeful dilatoriness or bad faith by the plaintiffs in the short delay in filing their motion to amend after they became apprised of the possible claim").

In any event, Defendants' arguments of undue delay ring hollow when throughout this litigation and still today, more than 4 ½ years after the case was filed, Defendants still have not produced key documents such as x-rays of the tooth at issue and the dentist's appointment book despite their known existence and possible existence. *See* p. 8 below. When the Seventh Circuit reversed this Court's prior denial of a motion for leave to amend and remanded for a second trial, it found that any delay in moving to amend was because the defendants had "stonewalled"

Plaintiff during discovery. *Gevas*, 492 F. App'x at 659. The stonewalling continues and any delay in discovering evidence to back up Plaintiff's claims has been and continues to be the fault of Defendants and provides no basis for denying Plaintiff's motion to amend.

**III.     The Illinois Code of Civil Procedure's Affidavit and Expert Report Requirement Provides No Basis for Finding the Proposed Amendment Futile**

Defendants argue, citing the Seventh Circuit's decision in *Sherrod v. Lingle*, 223 F3d 605 (7th Cir. 2000), that the proposed amendment is futile for its failure to attach a health care professional's affidavit and expert report in violation of 735 ILCS 5/2-622. This argument fails for four reasons.

*First*, post-*Sherrod* authority in this Court has held that 735 ILCS 5/2-622 is a state procedural rule that does not apply in federal court. *Threlkeld v. White Castle Sys., Inc.*, 127 F. Supp. 2d 986, 991 (N.D. Ill. 2001) ("I will not dismiss a state claim made in federal court for failure to comply with a state pleading rule"); *Obermeyer v. Pedicini*, No. 99 C 2440, 2000 WL 290444, at *4 (N.D. Ill. Mar. 17, 2000) ("This court . . . will not dismiss a state claim only for failure to meet a state pleading rule, for the federal rules only require notice pleading"); *Cunningham v. Sandahl*, No. 97 C 1109, 1998 WL 157415, at *3 (N.D. Ill. Mar. 31, 1998) ("Defendants are on notice that Plaintiffs seek to find them liable for negligence in the medical field, and that is sufficient under the Federal Rules of Civil Procedure, which has rejected such form pleading in favor of notice pleading"). As this Court has explained, the Seventh Circuit in *Sherrod* found dismissal of the plaintiff's complaint to be an abuse of discretion and therefore "never reached the question" of whether an affidavit and expert report were required. *Threlkeld*, 127 F. Supp. 2d at 991.

*Second*, authority from the Supreme Court of the United States before, after, and not addressed by *Sherrod* mandates that Rules 8 and 26(a)(2)(D) of the Federal Rules of Civil Procedure control over 735 ILCS 5/2-622. Rule 8 provides that "[a] pleading that states a claim

-5-

for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 26(a)(2)(D) states that a party must make expert disclosures "at the times and in the sequence that the court orders." These Rules clearly conflict with 735 ILCS 5/2-622's more stringent requirements that an affidavit be attached as part of the pleadings and that an expert report be attached either as part of the pleadings, ninety days after a pleading that is filed to avoid problems with a statute of limitations, or ninety days after the receipt of requested medical records, but in all events without regard to when the court orders that expert disclosures be made. Faced with this conflict, Rules 8 and 26(a)(2)(D) control over 735 ILCS 5/2-622 because they do not exceed the bounds either of the Rules Enabling Act's requirement that the Federal Rules "not abridge, enlarge or modify any substantive right," or of the Constitution. This is true regardless of the "Erie Doctrine" cited by Dr. Selmer, which has no application here.

Two Supreme Court cases are illustrative. In *Hanna v. Plumer*, 380 U.S. 460 (1965), the Supreme Court found that Rule 4(d)(1) of the Federal Rules of Civil Procedure, which provides for service in person or at a person's residence with someone of suitable age and discretion, conflicted with a more stringent state procedural rule requiring in-person service to an executor, explaining that "Rule 4(d)(1) says—implicitly, but with unmistakable clarity—that inhand service is not required in federal courts." *Id.* at 470. The Court further found that Rule 4(d)(1) "clearly passes muster" under the Rules Enabling Act because it "relates to the practice and procedure of the district courts," and that the rule is constitutional because it is "rationally capable of classification" as procedural. *Id.* at 464, 472. Thus, the Court held, Rule 4(d)(1) was the standard against which the district court should have measured the adequacy of service, and no application of the *Erie* test was warranted. *Id.* at 469–70 (finding it to be an "incorrect assumption that the rule of *Erie R. Co. v. Tompkins* constitutes the appropriate test of the validity and therefore the applicability of a Federal Rule of Civil Procedure").

More recently in *Shady Grove Orthopedic Associates, P.A. v. Allstate Insurance Co.*, 130 S. Ct. 1431 (2010), the Supreme Court found that Rule 23's provision that "a class action may be maintained" if certain criteria enumerated in the rule are met conflicted with a state law prohibiting certain class actions that met the criteria. The Court's decision therefore turned on whether Rule 23 is inapplicable or invalid, and "d[id] not wade into *Erie*'s murky waters." *Id.* at 1437. The Court found Rule 23 valid, thus continuing the tradition of "no cases declaring any of the federal rules to be invalid." Erwin Chemerinsky, *Federal Jurisdiction* 344 (6th ed. 2012). *See Shady Grove*, 130 S. Ct. at 1441 (plurality opinion) (Rule 23 valid because it "regulates procedure"); *id.* at 1459 (Stevens, J., concurring) (Rule 23 valid because it does not abridge, enlarge, or modify any substantive right). Even the dissenting opinion in *Shady Grove* recognized that unlike the state class action rule in that case, state "pleading standards and rules governing . . . pretrial discovery," such as those at issue here, are procedural and therefore provide no reason to invalidate conflicting federal rules. *Id.* at 1471 n.13 (Ginsburg, J., dissenting).

*Third*, even were 735 ILCS 5/2-622 applicable despite the foregoing authorities, it has been satisfied here because the negligence count is sufficiently nonfrivolous such that an affidavit is not required. The Seventh Circuit has already found that the related § 1983 count states a claim. Moreover, both defendants, themselves dentists, have already admitted that Plaintiff should have received medical care sooner.[1] In addition, one or both of the Defendants was responsible for running the dental clinic during the relevant time (and one or more is

---

[1] Ex. A, Mitchell Dep. Tr. 39:19–24 ("Q. . . . If you had this patient and you were scheduling a follow-up visit to extract tooth number 3, approximately how long would you wait to have that next appointment? A. Me, seven days at the most"); Ex. B, Selmer Dep. Tr. 55:11–12 ("Q. What would you have rescheduled him for? A. Within that week").

-7-

evading the truth on this point, as their sworn testimony conflicts).[2] Under these circumstances, "[e]ven if [this Court] were to apply the state rule, it would be satisfied." *Threlkeld*, 127 F. Supp. 2d at 991 (explaining that "[t]he purpose of the affidavit is to demonstrate to the court that the plaintiff's case has merit" and that "Illinois courts have held that 'the technical requirements of § 2–622 should not interfere with its spirit or purpose'") (*quoting Ebbing v. Prentice*, 587 N.E.2d 1115, 1117 (Ill. App. Ct. 1992)).

*Fourth*, even were 735 ILCS 5/2-622 applicable, it has been satisfied here for the alternative reason that an affidavit in compliance with the Illinois rule is attached hereto as Exhibit D. As explained in the affidavit, Plaintiff requested all dental records during the relevant timeframe both of the Defendants and, per subpoena, of the Illinois Department of Corrections and Wexford Health Sources, Inc., on or before December 2012. *Id.* ¶ 2. More than sixty days later, such medical records have not been produced, including numerous located x-rays applicable to the tooth in question, and the still-being-searched-for dentist's appointment book, all of which is highly relevant to this case. *Id.* ¶¶ 3–4. This explanation from the affidavit is all that is required under the state rule. *See* 735 ILCS 5/2-622(a)(3).

## CONCLUSION

WHEREFORE, Plaintiff respectfully requests that this Court permit Plaintiff to file the Fourth Amended Complaint attached to the opening memorandum as Exhibit A.

---

[2] *Compare, e.g.,* Ex. A, Mitchell Dep. Tr. 30:17:22 ("Q. In that time period between January to June '07, was there any one dentist who was responsible for supervising the dental clinics? A. Yes. Q. Do you remember who that was? A. Dr. Selmer"), *with* Ex. C, Wexford 30(b)(6) via Dr. Selmer Dep. Tr. 14:5–15 ("Q. . . . from February, 2007, to June, 2007 . . . [w]as anyone a Chief Dentist? A. Dr. Mitchell").

Dated: April 17, 2013 Respectfully submitted,

Plaintiff David Gevas,

By:    /s/ Justin R. Donoho
       One of His Attorneys

Todd C. Jacobs
Justin R. Donoho
Grippo & Elden LLC
111 South Wacker Drive
Suite 5100
Chicago, IL 60606
Telephone: 312-704-7700
Fax: 312-558-1195

## CERTIFICATE OF SERVICE

I, Justin R. Donoho, an attorney, hereby certify that on April 17, 2013, I caused a true and correct copy of the foregoing **PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT** to be served on the following counsel via ECF pursuant to the General Order on Electronic Filing of the United States District Court, Northern District of Illinois:

>Christopher E. Walter
>Illinois Attorney General's Office
>General Law Bureau
>100 W. Randolph Street, 13th Floor
>Chicago, IL 60601
>cwalter@atg.state.il.us
>
>Richard A. Tjepkema
>Charysh & Schroeder, Ltd.
>33 North Dearborn Street
>Suite 1300
>Chicago, IL 60602
>rtjepkema@cslaw-chicago.com
>r.tjepkema@yahoo.com

  /s/  Justin R. Donoho
Justin R. Donoho

1499435