**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| David Gevas, | ) | |
| | ) | |
| Plaintiff, | ) | No. 08 C 3074 |
| v. | ) | |
| Terry McCann, et al., | ) | Hon. Ronald A. Guzman |
| | ) | |
| Defendants. | ) | |
| | ) | |

## DECLARATION OF JUSTIN DONOHO

I, Justin Donoho, declare:

1.      I am an associate at the law firm Grippo & Elden LLC. We represent David Gevas ("Plaintiff") in this litigation. I have personal knowledge of the facts set forth in this declaration, and if called upon to do so, could and would testify competently thereto.

2.      On December 12, 2012, I caused requests for production of documents including, among other things, Plaintiff's dental records 2005–2009, to be served on Defendants Dr. William Selmer and Dr. Jacqueline Mitchell and, per subpoena, on their employers Wexford Health Sources, Inc. and the Illinois Department of Corrections. Exs. A– D.

3.      On March 25, during the deposition of the Illinois Department of Corrections pursuant to Rules 45 and 30(b)(6) of the Federal Rules of Civil Procedure, it became apparent that multiple x-rays regarding Plaintiff's tooth at issue in this case have been located but have not yet been produced. Ex. E, Ill. Dep't of Corr. Dep. Tr. 65:4–8; 93:21–94:12. It also became apparent during this deposition that the Illinois Department of Corrections believes that the dentist's appointment book for the timeframe during which Plaintiff needed but failed to receive treatment may exist in the basement of Stateville Correctional Center, and that investigation continues in searching the basement for this appointment book. *Id.* 44:14–45:8.

4.    The foregoing records are highly relevant to Plaintiff's claims for relief.

I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge.

Executed in Chicago, Illinois
on April 17, 2013.

_____
JUSTIN R. DONOHO

# EXHIBIT A
## TO
## DECLARATION OF JUSTIN DONOHO

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| DAVID C. GEVAS, B 41175 | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 08 C 3074 |
| v. | ) |
| | ) Judge Ronald Guzman |
| TERRY McCANN, et al. | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF DAVID C. GEVAS' DECEMBER 12, 2012
REQUESTS FOR PRODUCTION TO DR. WILLIAM SELMER**

Pursuant to Federal Rule of Civil Procedure 34, David Gevas ("Gevas") hereby

requests that Dr. William Selmer produce the following items in his possession, custody, or

control.

## DEFINITION

1.      "Dental Claim" means the allegations against Dr. Selmer and Dr. Jacqueline

Mitchell in Count I of the Third Amended Complaint.

## REQUESTS FOR PRODUCTION

1.      All documents related to the Dental Claim.

2.      All documents regarding all communications by or between Gevas and any

employee or contractor at Stateville Correctional Center relating to the Dental Claim.

3.      All documents regarding all communications by or between Gevas and Dr.

Selmer relating to the Dental Claim.

4.      All documents regarding all communications by or between Gevas and Dr.

Mitchell relating to the Dental Claim.

5.    All documents regarding Gevas' requests for treatment related to the Dental Claim.

6.    All of Gevas' dental records 2005–2009.

7.    All rules, guidelines, directives, and policies requiring or recommending that the June 5, 2007 procedure on Gevas be a tooth extraction instead of root canal treatment.

8.    All entries 2005–2007 related to Mr. Gevas in the "appointment books" referred to by Dr. Mitchell at her October 9, 2009 deposition at transcript page 16.

9.    All entries 2005–2007 related to Mr. Gevas in the "request books" referred to by Dr. Mitchell at her October 9, 2009 deposition at transcript page 17.

10.    All documents related to the responsibilities of Stateville Correctional Center employees or contractors with respect to scheduling dental appointments, emergency or otherwise.

11.    All documents related to the responsibilities of Stateville Correctional Center employees or contractors with respect to providing dental treatment, emergency or otherwise.

12.    All contracts between the Illinois Department of Corrections and Wexford Health Sources, Inc., related to the provision of dental treatment 2005–2007.

13.    All policies and procedures governing the provision of treatment related to the Dental Claim.

14.    Dr. Selmer's curriculum vitae.

15.    All documents previously produced, filed, or served in this case that are not available on this case's docket in the Court's Electronic Case Filing System, including but not limited to Bates-labeled documents, discovery requests, discovery responses, and Rule 26(a)(1) disclosures.

-2-

16.     All insurance agreements under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

Dated: December 12, 2012

Respectfully submitted,

DAVID C. GEVAS

By: _____
    One of Their Attorneys

Todd C. Jacobs
Justin R. Donoho
GRIPPO & ELDEN LLC
111 South Wacker Drive
Chicago, IL 60606
Phone: (312) 704-7700
Fax: (312) 558-1195

-3-

## CERTIFICATE OF SERVICE

I, Justin R. Donoho, an attorney, hereby certify that on December 12, 2012,

I caused a true and correct copy of the foregoing **PLAINTIFF DAVID GEVAS'**

**DECEMBER 12, 2012 REQUESTS FOR PRODUCTION TO DR. WILLIAM SELMER** to

be served on counsel of record at the address set forth below via Electronic Mail and U.S. Mail:

Richard A Tjepkema
Charysh & Schroeder, Ltd.
33 North Dearborn, Suite 1300
Chicago, IL 60602
rtjepkema@cslaw-chicago.com

Christopher E. Walter
Illinois Attorney General's Office
100 West Randolph Street
Chicago, IL 60601
cwalter@atg.state.il.us

_____
Justin R. Donoho

1444793

# EXHIBIT B
## TO
## DECLARATION OF JUSTIN DONOHO

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

DAVID C. GEVAS, B 41175          )
                                    )
        Plaintiff,          )
                                    )  No. 08 C 3074
v.                                  )
                                    )  Judge Ronald Guzman
TERRY McCANN, et al.       )
                                    )
        Defendants.      )

**PLAINTIFF DAVID C. GEVAS' DECEMBER 12, 2012
REQUESTS FOR PRODUCTION TO DR. JACQUELINE MITCHELL**

Pursuant to Federal Rule of Civil Procedure 34, David Gevas ("Gevas") hereby requests that Dr. Jacqueline Mitchell produce the following items in her possession, custody, or control.

**DEFINITION**

1.    "Dental Claim" means the allegations against Dr. Mitchell and Dr. Selmer in Count I of the Third Amended Complaint.

**REQUESTS FOR PRODUCTION**

1.    All documents related to the Dental Claim.

2.    All documents regarding all communications by or between Gevas and any employee or contractor at Stateville Correctional Center relating to the Dental Claim.

3.    All documents regarding all communications by or between Gevas and Dr. Mitchell relating to the Dental Claim.

4.    All documents regarding all communications by or between Gevas and Dr. Selmer relating to the Dental Claim.

5.      All documents regarding Gevas's requests for treatment related to the Dental Claim.

6.      All of Gevas' dental records 2005–2009.

7.      All rules, guidelines, directives, and policies requiring or recommending that the June 5, 2007 procedure on Gevas be a tooth extraction instead of root canal treatment.

8.      All entries 2005–2007 related to Mr. Gevas in the "appointment books" referred to by Dr. Mitchell at her October 9, 2009 deposition at transcript page 16.

9.      All entries 2005–2007 related to Mr. Gevas in the "request books" referred to by Dr. Mitchell at her October 9, 2009 deposition at transcript page 17.

10.     All documents related to the responsibilities of Stateville Correctional Center employees or contractors with respect to scheduling dental appointments, emergency or otherwise.

11.     All documents related to the responsibilities of Stateville Correctional Center employees or contractors with respect to providing dental treatment, emergency or otherwise.

12.     All contracts between the Illinois Department of Corrections and Wexford Health Sources, Inc., related to the provision of dental treatment 2005–2007.

13.     All policies and procedures governing the provision of treatment related to the Dental Claim.

14.     Dr. Mitchell's curriculum vitae.

15.     All documents previously produced, filed, or served in this case that are not available on this case's docket in the Court's Electronic Case Filing System, including but not limited to Bates-labeled documents, discovery requests, discovery responses, and Rule 26(a)(1) disclosures.

-2-

16.     All insurance agreements under which an insurance business may be liable to

satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments

made to satisfy the judgment.

Dated:  December 12, 2012                    Respectfully submitted,

                                             DAVID C. GEVAS

                                             By: _____
                                                 One of Their Attorneys

Todd C. Jacobs
Justin R. Donoho
GRIPPO & ELDEN LLC
111 South Wacker Drive
Chicago, IL  60606
Phone: (312) 704-7700
Fax: (312) 558-1195

1444785

## CERTIFICATE OF SERVICE

I, Justin R. Donoho, an attorney, hereby certify that on December 12, 2012,

I caused a true and correct copy of the foregoing **PLAINTIFF DAVID C. GEVAS'**

## DECEMBER 12, 2012 REQUESTS FOR PRODUCTION TO DR. JACQUELINE

**MITCHELL** to be served on counsel of record at the address set forth below via Electronic Mail

and U.S. Mail:

Christopher E. Walter
Illinois Attorney General's Office
100 West Randolph Street
Chicago, IL 60601
cwalter@atg.state.il.us

Richard A Tjepkema
Charysh & Schroeder, Ltd.
33 North Dearborn, Suite 1300
Chicago, IL 60602
rtjepkema@cslaw-chicago.com

Justin R. Donoho

1444785

# EXHIBIT C
## TO
## DECLARATION OF JUSTIN DONOHO

AO 88A  (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of Illinois

| David C. Gevas | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  08 C 3074 |
| Terry McCann, et al. | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:  Wexford Health Sources, Inc.
    c/o Prentice Hall Corporation, 801 Adlai Stevenson Drive, Springfield, IL 62703

    ☑ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

See attached Exhibit A.

| Place: Grippo & Elden LLC | Date and Time: |
|---|---|
|     111 South Wacker, Suite 5100 | |
|     Chicago, IL  60606 | 01/29/2013 9:00 am |

    The deposition will be recorded by this method:   stenographic

    ☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

See attached Exhibit B.

    The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: _____

        *CLERK OF COURT*

                              OR

_____         _____
    *Signature of Clerk or Deputy Clerk*                       *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*     David C. Gevas
                                                            , who issues or requests this subpoena, are:

Todd C. Jacobs (tjacobs@grippoelden.com)
Justin R. Donoho (jdonoho@grippoelden.com)
GRIPPO & ELDEN LLC, 111 South Wacker Drive, Suite 5100, Chicago, IL  60601  312-704-7700

AFFIDAVIT OF SERVICE

David C. Geves     vs    Terry Mc Cann, et. al.     08C 3074

Plaintiff/Petitioner       Defendant/Respondent       Case#

Being duly sworn, on my oath, I   Christopher Moss

declare that I am a citizen of the United States, over the age of eighteen and not a party to this action.

**Service:**    I served   WEXFORD HEALTH SOURCE, INC.

NAME OF PERSON/ENTITY BEING SERVED

with the (documents)   ☑ Subpoena with $ _none_ witness fee and mileage

☐ _____

by serving (NAME)   Mia Wintersmith, Customer Service Rep.

at ☐ Home    Corporation Service Company

☒ Business   33 N. LaSalle St. Suite 2320. Chicago, IL

☒ on (DATE)   Dec. 13, 2012   at (TIME) 1:20 PM

Thereafter copies of the documents were mailed by prepaid, first class mail on (DATE) _____

From (CITY) _____ (STATE) _____

**Manner of Service:**

☐   By Personal Service

☒   By delivering, during office hours, copies at the office of the person/entity being served, leaving same with the person apparently in charge thereof, namely,
Mia Wintersmith, Customer Service Rep.

☐   By leaving a copy at the defendant's usual place of abode, with some person of the family or a person residing there, of the age of 13 years or upwards, and informing that person of the general nature of the papers

☐   By posting copies in a conspicuous manner to the address of the person/entity being served.

**Non-Service:**   After due search, careful inquiry and diligent attempts at the address(es) listed above, I have been unable to effect process upon the person/entity being served because of the following reason(s):

☐ Unknown at Address    ☐ Evading       ☐ Other: _____

☐ Address does not exist    ☐ Service cancelled by litigant   _____

☐ Moved, Left no forwarding   ☐ Unable to serve in a timely fashion   _____

**Service Attempts:** Service was attempted on: ( ) _____ ,( ) _____ ,( ) _____

| | | DATE | TIME | | DATE | TIME | | DATE | TIME |
|---|---|---|---|---|---|---|---|---|---|
| ( ) | ,( ) | | | ,( ) | | | ,( ) | | |
| DATE | TIME | DATE | TIME | | DATE | TIME | | DATE | TIME |

**Description:**

| | | | | | | |
|---|---|---|---|---|---|---|
| ☐ Male | ☐ White Skin | ☒ Black Hair | ☐ White Hair | ☐ 14-20 Yrs. | ☐ Under 5' | ☐ Under 100 Lbs. |
| ☒ Female | ☒ Black Skin | ☐ Brown Hair | ☐ Balding | ☐ 21-35 Yrs. | ☐ 5'-5'3" | ☐ 100-130 Lbs. |
| | ☐ Brown Skin | ☐ Blond Hair | | ☒ 36-50 Yrs. | ☐ 5'4"-5'8" | ☒ 131-160 Lbs. |
| ☐ Glasses | ☐ Yellow Skin | ☐ Gray Hair | ☐ Mustache | ☐ 51-65 Yrs. | ☒ 5'9"-6' | ☐ 161-200 Lbs. |
| | ☐ Red Skin | ☐ Red Hair | ☐ Beard | ☐ Over 65 Yrs. | ☐ Over 6' | ☐ Over 200 Lbs. |

OTHER IDENTIFYING FEATURES: _____

State of Illinois   County of Cook

Subscribed and sworn to before me
A notary public, this 13 day of December 20 12

_____
Notary Public

SERVED BY

LASALLE PROCESS SERVERS

ILLINOIS PRIVATE DETECTIVE LICENSE# 117-001432

OFFICIAL SEAL
ANDREW RAPHAEL
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:11/17/15

OFFICIAL SEAL
ANDREW RAPHAEL
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:11/17/15

CHARTER MEMBER NATIONAL ASSOCIATION OF PROFESSIONAL PROCESS SERVERS

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## EXHIBIT A TO SUBPOENA (CASE NO. 08 C 3074)

David C. Gevas hereby requests Wexford Health Sources, Inc. to testify about the following matters:

### DEFINITIONS

1.     "Dental Claim" means the allegations against Dr. Selmer and Dr. Jacqueline Mitchell in Count I of the Third Amended Complaint.

### DEPOSITION TOPICS

1.     Wexford Health Sources, Inc.'s involvement, handling, and knowledge regarding the Dental Claim.

2.     Each person who provided Gevas dental treatment related to the Dental Claim and the treatment they provided.

2.     Each person responsible for scheduling dental appointments related to the Dental Claim, their responsibilities related to scheduling dental appointments, the appointments they scheduled related to the Dental Claim, the actions they took to schedule these appointments, when these actions were taken, and all documents regarding these responsibilities, appointments, and actions.

3.     Policies and procedures governing the provision of treatment related to the Dental Claim.

4.     Rules, guidelines, directives, and policies requiring or recommending that the June 5, 2007 procedure on Gevas be a tooth extraction instead of root canal treatment.

5.     The documents referred to in Exhibit B.

1447048

## EXHIBIT B TO SUBPOENA (CASE NO. 08 C 3074)

David C. Gevas hereby requests Wexford Health Sources, Inc. to produce the following items in its possession, custody, or control.

## DEFINITIONS

1.      "Dental Claim" means the allegations against Dr. Selmer and Dr. Jacqueline Mitchell in Count I of the Third Amended Complaint.

## REQUESTS FOR PRODUCTION

1.      All documents related to the Dental Claim.

2.      All documents regarding all communications by or between Gevas and any employee or contractor at Stateville Correctional Center relating to the Dental Claim.

3.      All documents regarding all communications by or between Gevas and Dr. Mitchell relating to the Dental Claim.

4.      All documents regarding all communications by or between Gevas and Dr. Selmer relating to the Dental Claim.

5.      All documents regarding Gevas's requests for treatment related to the Dental Claim.

6.      All of Gevas' dental records 2005–2009.

7.      All rules, guidelines, directives, and policies requiring or recommending that the June 5, 2007 procedure on Gevas be a tooth extraction instead of root canal treatment.

8.      All entries 2005–2007 related to Mr. Gevas in the "appointment books" referred to by Dr. Mitchell at her October 9, 2009 deposition at transcript page 16.

9.      All entries 2005–2007 related to Mr. Gevas in the "request books" referred to by Dr. Mitchell at her October 9, 2009 deposition at transcript page 17.

10.     All documents related to the responsibilities of Stateville Correctional Center employees or contractors with respect to scheduling dental appointments, emergency or otherwise.

11.     All documents related to the responsibilities of Stateville Correctional Center employees or contractors with respect to providing dental treatment, emergency or otherwise.

12.     All contracts between the Illinois Department of Corrections and Wexford Health Sources, Inc., related to the provision of dental treatment 2005–2007.

13.     All policies and procedures governing the provision of treatment related to the Dental Claim.

14.     All documents previously produced, filed, or served in this case that are not available on this case's docket in the Court's Electronic Case Filing System, including but not limited to Bates-labeled documents, discovery requests, discovery responses, and Rule 26(a)(1) disclosures.

15.     All insurance agreements under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

# EXHIBIT D
## TO
## DECLARATION OF JUSTIN DONOHO

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of Illinois

| | | |
|---|---|---|
| David C. Gevas | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   08 C 3074 |
| Terry McCann, et al. | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:   Illinois Department of Corrections
      100 West Randolph, Suite 4-2000, Chicago, IL 60601

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

See attached Exhibit A.

| Place:  Grippo & Elden LLC | Date and Time: |
|---|---|
| 111 South Wacker, Suite 5100 | |
| Chicago, IL  60606 | 01/25/2013 9:00 am |

The deposition will be recorded by this method:   stenographic

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

See attached Exhibit B.

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:  _____

           *CLERK OF COURT*

                                                    OR

   _____                     _____
   *Signature of Clerk or Deputy Clerk*                 *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*      David C. Gevas
                                                          , who issues or requests this subpoena, are:

Todd C. Jacobs (tjacobs@grippoelden.com)
Justin R. Donoho (jdonoho@grippoelden.com)
GRIPPO & ELDEN LLC, 111 South Wacker Drive, Suite 5100, Chicago, IL  60601  312-704-7700

**Affidavit of Process Server**

David C. Gevas

Plaintiff/Petitioner

vs Terry Mc Cann, et. al.

Defendant/Respondent

08C 3074

Case#

Being duly sworn, on my oath, I Christopher Moss
declare that I am a citizen of the United States, over the age of eighteen and not a party to this action.

**Service:** I served ILLINOIS DEPARTMENT OF CORRECTIONS

NAME OF PERSON/ENTITY BEING SERVED

with the (documents) ☑ Subpoena with $ none witness fee and mileage

☐ _____

by serving (NAME) Jane Bularzik, Esq.

at ☐ Home

☒ Business

☒ on (DATE) Dec. 13, 2012 100 W. Randolph ST., Suite 4-200, Chicago, IL

at (TIME) 1:05 PM

Thereafter copies of the documents were mailed by prepaid, first class mail on (DATE) _____

From (CITY) _____ (STATE) _____

**Manner of Service:**

☐ By Personal Service

☒ By delivering, during office hours, copies at the office of the person/entity being served, leaving same with the person apparently in charge thereof, namely, Jane Bularzik, Esq.

☐ By leaving a copy at the defendant's usual place of abode, with some person of the family or a person residing there, of the age of 13 years or upwards, and informing that person of the general nature of the papers

☐ By posting copies in a conspicuous manner to the address of the person/entity being served.

**Non-Service:** After due search, careful inquiry and diligent attempts at the address(es) listed above, I have been unable to effect process upon the person/entity being served because of the following reason(s):

☐ Unknown at Address   ☐ Evading   ☐ Other: _____

☐ Address does not exist   ☐ Service cancelled by litigant

☐ Moved, Left no forwarding   ☐ Unable to serve in a timely fashion

**Service Attempts:** Service was attempted on: ( )  _____  ,( )  _____  ,( )  _____

| | DATE | TIME | | DATE | TIME | | DATE | TIME |
| ( ) | | | ,( ) | | | | | |

| DATE | TIME | DATE | TIME | DATE | TIME | DATE | TIME |

**Description:**

| | | | | | |
|---|---|---|---|---|---|
| ☐ Male | ☒ White Skin | ☐ Black Hair | ☐ White Hair | ☐ 14-20 Yrs. | ☐ Under 5' | ☐ Under 100 Lbs. |
| ☒ Female | ☐ Black Skin | ☐ Brown Hair | ☐ Balding | ☐ 21-35 Yrs. | ☐ 5'-5'3" | ☒ 100-130 Lbs. |
| | ☐ Brown Skin | ☐ Blond Hair | | ☐ 36-50 Yrs. | ☒ 5'4"-5'8" | ☐ 131-160 Lbs. |
| ☒ Glasses | ☐ Yellow Skin | ☒ Gray Hair | ☐ Mustache | ☒ 51-65 Yrs. | ☐ 5'9"-6' | ☐ 161-200 Lbs. |
| | ☐ Red Skin | ☐ Red Hair | ☐ Beard | ☐ Over 65 Yrs. | ☐ Over 6' | ☐ Over 200 Lbs. |

OTHER IDENTIFYING FEATURES: _____

State of Illinois  County of Cook

SERVED BY

LASALLE PROCESS SERVERS

ILLINOIS PRIVATE DETECTIVE LICENSE# 117-001432

Subscribed and sworn to before me
A notary public, this 13 day of December, 20 12

_____
Notary Public

OFFICIAL SEAL
ANDREW RAPHAEL
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:11/17/15

CHARTER MEMBER NATIONAL ASSOCIATION OF PROFESSIONAL PROCESS SERVERS

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

### (c) Protecting a Person Subject to a Subpoena.

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

### (d) Duties in Responding to a Subpoena.

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

### (e) Contempt.
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## EXHIBIT A TO SUBPOENA (CASE NO. 08 C 3074)

David C. Gevas hereby requests the Illinois Department of Corrections to testify about the following matters:

### DEFINITIONS

1.　"Dental Claim" means the allegations against Dr. Selmer and Dr. Jacqueline Mitchell in Count I of the Third Amended Complaint.

### DEPOSITION TOPICS

1.　The Illinois Department of Corrections' involvement, handling, and knowledge regarding the Dental Claim.

2.　Each person who provided Gevas dental treatment related to the Dental Claim and the treatment they provided.

2.　Each person responsible for scheduling dental appointments related to the Dental Claim, their responsibilities related to scheduling dental appointments, the appointments they scheduled related to the Dental Claim, the actions they took to schedule these appointments, when these actions were taken, and all documents regarding these responsibilities, appointments, and actions.

3.　Policies and procedures governing the provision of treatment related to the Dental Claim.

4.　Rules, guidelines, directives, and policies requiring or recommending that the June 5, 2007 procedure on Gevas be a tooth extraction instead of root canal treatment.

5.　The documents referred to in Exhibit B.

## EXHIBIT B TO SUBPOENA (CASE NO. 08 C 3074)

David C. Gevas hereby requests the Illinois Department of Corrections to produce the following items in its possession, custody, or control.

### DEFINITIONS

1.      "Dental Claim" means the allegations against Dr. Selmer and Dr. Jacqueline Mitchell in Count I of the Third Amended Complaint.

### REQUESTS FOR PRODUCTION

1.      All documents related to the Dental Claim.

2.      All documents regarding all communications by or between Gevas and any employee or contractor at Stateville Correctional Center relating to the Dental Claim.

3.      All documents regarding all communications by or between Gevas and Dr. Mitchell relating to the Dental Claim.

4.      All documents regarding all communications by or between Gevas and Dr. Selmer relating to the Dental Claim.

5.      All documents regarding Gevas' requests for treatment related to the Dental Claim.

6.      All of Gevas' dental records 2005–2009.

7.      All rules, guidelines, directives, and policies requiring or recommending that the June 5, 2007 procedure on Gevas be a tooth extraction instead of root canal treatment.

8.      All entries 2005–2007 related to Mr. Gevas in the "appointment books" referred to by Dr. Mitchell at her October 9, 2009 deposition at transcript page 16.

9.      All entries 2005–2007 related to Mr. Gevas in the "request books" referred to by Dr. Mitchell at her October 9, 2009 deposition at transcript page 17.

10.     All documents related to the responsibilities of Stateville Correctional Center employees or contractors with respect to scheduling dental appointments, emergency or otherwise.

11.     All documents related to the responsibilities of Stateville Correctional Center employees or contractors with respect to providing dental treatment, emergency or otherwise.

12.     All contracts between the Illinois Department of Corrections and Wexford Health Sources, Inc., related to the provision of dental treatment 2005–2007.

13.     All policies and procedures governing the provision of treatment related to the Dental Claim.

14.     All documents previously produced, filed, or served in this case that are not available on this case's docket in the Court's Electronic Case Filing System, including but not limited to Bates-labeled documents, discovery requests, discovery responses, and Rule 26(a)(1) disclosures.

15.     All insurance agreements under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

# EXHIBIT E
## TO
## DECLARATION OF JUSTIN DONOHO

                IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF ILLINOIS
                      EASTERN DIVISION

DAVID C. GEVAS,              )
                             )
            Plaintiff,       )
                             )
        vs.                  )   No. 08 C 3074
                             )
TERRY McCANN, et al.,        )
                             )
            Defendants,      )


            The Discovery Deposition of

DR. JACQUELINE MITCHELL, taken before RENEE C.

KERR, Certified Shorthand Reporter, in the

State of Illinois, County of Cook, at

Stateville Correctional Center, 16830 South

Broadway Street, Joliet, Illinois,

on the 25th day of March, A.D., 2013,

at 11 o'clock a.m.




Reported By:  Renee C. Kerr

License Number:  084-001508

1   go.

2            It was decided that it was not a

3   surgery that was indicated; not by me, not by

4   Dr. Craig.  That goes to Wexford's collegial

5   review.  They decide, and the answer was no;

6   and, no.  I did not influence, encourage, tell

7   Dr. Craig to do anything because Dr. Craig has

8   a license of his own to protect just like I

9   do.  So there would be no indication for him

10  to change his story, or me.

11           MR. DONOHO:  Fair enough.  Thank

12  you.

13  BY MR. DONOHO:

14      Q    I want to ask you about some

15  appointment books that have been requested

16  from all the parties in this case or from

17  anyone who has them per Subpoena to the

18  Department of Corrections; and, also,

19  Wexford.

20           Did you look for some of these

21  appointment books?

22      A    Yes.  They are looking for them now.

23      Q    Are they still being looked for at

24  the moment?

1    A    Yes.

2    Q    The search is not completed?

3    A    No.

4    Q    Okay.

5            Is that search going to

6  involve -- I hear there is a basement where

7  they might be located?

8    A    That would be correct.

9    Q    Has that happened yet in the

10  basement?

11    A    The supply guy's responsibility is to

12  locate it.

13    Q    So you don't really know the status

14  of their search at the moment?

15    A    At this time, no.  I don't know

16  specifically.

17    Q    Okay.

18            Let's look at -- I see you have

19  brought a 2008 version of some appointment

20  books or something.

21    A    We only have one per year.  So that

22  would be 2008.

23    Q    And, of course, they are looking for

24  the 2007 one right now?

1          I just deal with it once it gets

2    to my desk.  When it comes to us, I do

3    responses for most of them that come in now.

4      Q    I would like to see what x-rays you

5    brought with you today, if I could just take a

6    moment.

7      A    This is all that I found in his

8    records.  Here you go.

9          MR. DONOHO:  Maybe it makes sense

10   just to go off the record for a few minutes so

11   I can pars through these dates for a moment

12   here.  Let's go off the record.

13              (Brief pause.)

14   BY MR. DONOHO:

15     Q    I am going to hand back to you two

16   different piles of x-rays; and, I think I have

17   ordered them a certain way.  I want you to

18   tell me if I did that properly.

19          I think this pile in my left

20   hand right here are bitewing x-rays; and,

21   these in my right hand are periapical x-rays,

22   and I tried to order them in date order in

23   each pile.  So if you could, first of all,

24   verify that I did that correctly?

Page 93

1      A      Yes.

2                    (Document marked Exhibit 10 for

3                    Identification as of 3/25/13.)

4    BY MR. DONOHO:

5      Q      Exhibit 10 is an opinion by the

6    United States Court of Appeals for the Seventh

7    Circuit decided August 20, 2012.

8                    In this case, they sent the case

9    back to the trial court to be -- to reinstate

10   the third amended complaint against Dr. Selmer

11   and yourself.

12                   Have you ever read this before?

13     A      No.

14     Q      Are you aware of this opinion at

15   all?  Did anyone ever tell you about it?

16     A      No.

17                   Can I have a copy of it?

18            MR. DONOHO:  Keep it.  Well, keep

19   that one.  You can keep his.

20            THE WITNESS:  Thank you.

21            MR. DONOHO:  So I'm done subject to

22   anything else you guys might bring up, but I

23   do want to make sure I have a list of all the

24   documents we are looking for.

1           So we have that range of dates

2   for the dental records?

3           THE WITNESS:  You said you wanted

4   something after the 4th of October, and then

5   9-19.

6           MR. DONOHO:  Yes, yes.  You've got it

7   right, yes.

8           THE WITNESS:  He wrote it down for

9   me.

10          MR. DONOHO:  The missing dental

11  records.  There is the copies of all the

12  x-rays that we talked about today.

13          THE WITNESS:  I gave those to him.

14          MR. DONOHO:  And we are still looking

15  for 2007 appointment books?

16          MR. WALTER:  Yes.

17          MR. DONOHO:  Did you have anything

18  else.

19          MR. WALTER:  No.

20          MR. DONOHO:  Let me just -- I have

21  one thing and I'm done.

22  BY MR. DONOHO:

23      Q    The refusal forms, did you look for

24  any refusal forms?  Are they looking for