Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | **Sitting Judge if Other than Assigned Judge** | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 3074 | **DATE** | 4/30/2013 |
| **CASE TITLE** | David Gevas vs. Terry McCann, et al. | | |

**DOCKET ENTRY TEXT**

For the reasons set forth in this order, the Court denies without prejudice plaintiff's motion for leave to file a fourth amended complaint [285] and gives plaintiff until May 20, 2013 to file an amended complaint that complies with 735 Ill. Comp. Stat. § 5/2-622.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

In September 2012, the Seventh Circuit remanded this case for a trial on plaintiff's 42 U.S.C. § 1983 claims against Drs. Selmer and Mitchell for their alleged failure to give him necessary dental care. On March 20, 2013, plaintiff filed a motion to amend his complaint to assert a medical negligence claim against defendants. Federal Rule of Civil Procedure 15 states that "the court should freely give leave [to amend] when justice so requires." But the Court has discretion to deny leave if, among other things, the amendment would be unduly prejudicial to defendants or futile. *See Johnson v. Cypress Hill*, 641 F.3d 867, 872 (7th Cir. 2011).

Defendants argue that the proposed amendment would be futile because plaintiff has not complied with the Illinois statute governing malpractice claims. That statute requires plaintiff's counsel to submit an affidavit with the complaint declaring one of the following:

That [he] has consulted and reviewed the facts of the case with a health professional who . . . : (i) is knowledgeable in the relevant issues . . . ; (ii) practices . . . in the [relevant] area . . . ; and (iii) is qualified by experience or demonstrated competence in the subject of the case; that the reviewing health professional has determined in a written report, after a review of the medical record and other relevant material . . . that there is a reasonable and meritorious cause for the filing of such action; and that the affiant has concluded on the basis of the . . . health professional's review . . . that there is a reasonable and meritorious cause for filing of such action. . . . A copy of the written report, clearly identifying the plaintiff and the reasons for the reviewing health professional's determination that a reasonable and meritorious cause for the filing of the action exists, must be attached to the affidavit, but information which would identify the reviewing health professional may be deleted from the copy so attached.

. . . .

08C3074 David Gevas vs. Terry McCann, et al.,

> That a request has been made by the plaintiff or his attorney for examination and copying of records . . . and the party required to comply . . . has failed to produce such records within 60 days of the receipt of the request. If an affidavit is executed pursuant to this paragraph, the certificate and written report required by paragraph 1 shall be filed within 90 days following receipt of the requested records. . . .

735 Ill. Comp. Stat. 5/2-622(a)(1), (3). Moreover, the statute says that "failure to file a certificate required by this Section shall be grounds for dismissal." 735 Ill. Comp. Stat. 5/2-622(g). Plaintiff argues that this requirement is a procedural rule, not a substantive one, and thus the Court is not required to follow it.

The Seventh Circuit's decision in *Sherrod v. Lingle*, 223 F.3d 605 (7th Cir. 2000) suggests the opposite. In that case, the district court dismissed a malpractice suit with prejudice because plaintiff had not submitted a separate certificate of merit as to each defendant as § 5/2-622 requires. *Id.* at 613-14. The *Sherrod* court acknowledged that "dismissal is mandatory" for violations of § 5/2-622 but said the dismissal should have been without prejudice and directed the lower court to allow Sherrod to amend his complaint to comply with the statute. *Id.*

*Sherrod* does not say that § 5/2-622 is a substantive state law that federal courts must apply, *see Erie R.R. v. Tompkins*, 304 U.S. 64, 78 (1938), but that is what the opinion suggests:

> To minimize frivolous malpractice suits, Illinois law requires the plaintiff to file a physician's certificate of merit and accompanying report with every malpractice complaint. The certificate must affirm that a qualified, licensed physician has reviewed the case and determined that there is a reasonable and meritorious cause for the filing of such action. A certificate and report must be filed as to each defendant who has been named in the complaint. Failure to abide by this requirement "shall be grounds for dismissal. . . .
>
> In dismissing Count Two with prejudice, the district court erred in two respects. First, Illinois courts liberally construe certificates of merit in favor of the plaintiff. . . . Th[e] report [in this case], while not wholly insufficient, certainly approached the borderline of acceptable detail in a physician's merit review.
>
> Second, while the decision to dismiss with or without prejudice is left to the sound discretion of the court, Illinois courts have held that when a plaintiff fails to attach a certificate and report, then a sound exercise of discretion mandates that the plaintiff be at least afforded an opportunity to amend her complaint to comply with section 2-622 before her action is dismissed with prejudice. . . . [R]efusing to allow Sherrod to amend Count Two to comply with the Illinois certificate requirement constituted an abuse of discretion.

*Id.* at 613-14 (quotations, alterations and citations omitted).

*Sherrod* aside, the Court agrees with Judge Dow that:

> [T]he rationale for applying § 5/2-622 under the *Erie* doctrine [is compelling]. . . . The Seventh Circuit has ruled that "a rule limited to a particular area of law and motivated by concerns about the potential impact on primary behavior (here, medical treatment) of making it too easy for plaintiffs to win a particular case" is "almost certainly" substantive law. *Murrey v. United States*,

| STATEMENT |
|---|

    73 F.3d 1448, 1456 (7th Cir. 1996). Section 5/2-622 is limited to cases alleging healing art malpractice, and was motivated by a desire to limit frivolous lawsuits within that area of law. . . . The certification of merit rule is thus a substantive one, and is applicable in the instant case.

*Warren ex rel. Warren v. Dart*, No. 09 C 3512, 2010 WL 4883923, at *10 (N.D. Ill. Nov. 24, 2010); *Kendrick v. Guzman*, No. 12 C 19, 2012 WL 5510225, at *1 (N.D. Ill. Nov. 13, 2012) (same); *Brown v. Roseland Cmty. Hosp.*, No. 12 C 49, 2012 WL 3643814, at *2 (N.D. Ill. Aug. 23, 2012) (same). *But see Threlkeld v. White Castle Sys., Inc.*, 127 F. Supp. 2d 986, 991 (N.D. Ill. 2001) ("I will not dismiss a state claim made in federal court for failure to comply with a state pleading rule."); *Obermeyer v. Pedicini*, No. 99 C 2440, 2000 WL 290444, at *4 (N.D. Ill. Mar. 17, 1990) (same).

    Alternatively, plaintiff argues that counsel's affidavit, which is attached to his reply brief, satisfies § 5/2-622 because it states that counsel requested, but did not timely receive, relevant certain documents from IDOC. *See* 735 Ill. Comp. Stat. § 5/2-622(a)(3). In the affidavit, counsel states that: (1) in December 2012, he served on defendants a request to produce all of plaintiff's dental records for 2005-09; and (2) during the 30(b)(6) deposition of IDOC on March 25, 2013, "it became apparent that multiple x-rays regarding Plaintiff's tooth . . . have not yet been produced" and "the dentist's appointment book for the [relevant period] may exist in the basement of Stateville Correctional Center." (Pl.'s Reply, Ex. D, Donoho Aff. ¶¶ 2-3.) What counsel does not say, however, is that a qualified practitioner must have these documents to opine on the merit of plaintiff's malpractice claim. Absent such an attestation, the fact that IDOC did not produce all requested documents does not excuse plaintiff from obtaining a certificate of merit.

    Because plaintiff has not complied with § 5/2-622, it would be futile for him to file the proposed fourth amended complaint. *See Lee v. Price*, 463 Fed. Appx. 575, 577 (7th Cir. 2011) (stating that an amendment is futile if it is not "capable of withstanding scrutiny under Federal Rule of Civil Procedure 12(b)(6)"). However, given that the proposed claim arises from the same facts as plaintiff's Eighth Amendment claim and the expert discovery schedule set by the Court gives defendants ample time to investigate and defend the malpractice claim, defendants will not be prejudiced if plaintiff shortly files an amended complaint that complies with § 5/2-622. Thus, the Court denies without prejudice plaintiff's motion for leave to file the proposed fourth amended complaint and gives him until May 20, 2013 to file an amended complaint that comports with the statute.