IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| David Gevas, ) | |
| ) | |
| Plaintiff, ) | No. 08 C 3074 |
| ) | |
| v. ) | Hon. Ronald A. Guzman |
| ) | |
| Terry McCann, et al., ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S MOTION IN LIMINE TO BAR CERTAIN
EVIDENCE REGARDING HIS 1993 FELONY CONVICTIONS**

Plaintiff David Gevas moves this Court to enter an order barring Defendants from introducing evidence regarding or suggesting the name, nature, timing, and length of sentence of Mr. Gevas's 1993 felony convictions. In support of this motion, Mr. Gevas states as follows:

1. Mr. Gevas will serve as a witness in the trial set to begin June 30, 2014.

2. Mr. Gevas was convicted in 1993 of two counts of murder, for which he is presently incarcerated at Stateville Correctional Center.

3. Defendants may attempt to introduce evidence regarding Mr. Gevas's felony convictions in order to impeach Mr. Gevas as a witness at trial.

4. The admissibility of felony convictions is governed by Rule 609 of the Federal Rules of Evidence. Under this rule, felonies not involving an act of dishonesty or false statement are limited by Rule 403, which provides that relevant evidence may be excluded if its probative value is substantially outweighed by a danger of unfair prejudice. Fed. Rs. Evid. 403, 609(a); *see* Fed. R. Evid. 609, Advisory Committee Note (noting that the Rule 403 limitation on Rule 609(a) was introduced in 1990); *Davis v. Marion*, 936 F.2d 575 (7th Cir. 1991) (explaining that Rule 403 must be applied before criminal convictions can be used for impeachment).

1644318

5. "The offense of murder is not highly probative of credibility." *Jones v. Sheahan*, No. 99 C 3669, 2003 WL 21654279, at *2 (N.D. Ill. July 14, 2003); *Buchanan v. McCann*, No. 08 C 7063, 2012 WL 1987917, at *1 (N.D. Ill. June 4, 2012) ("Murder does not implicate truthfulness").

6. By contrast, "the risk that unfair prejudice would result from the admission of that evidence is substantial. Admitting evidence of [a Section 1983 plaintiff]'s murder conviction might lead to deny [the plaintiff] an award not because it doubts [his] veracity, but because it is appalled by his prior conduct that has nothing to do with the events in question. That is precisely the kind of unfair prejudice that Rule 403 seeks to prevent." *Jones*, 2003 WL 21654279, at *2

7. Thus, in applying the balancing test in Rules 609 and 403 in Section 1983 cases like this one, courts in the Seventh Circuit have found that the prejudicial effect of evidence of murder and other prior violent crimes outweighs their probative value. *Wilson v. City of Chicago*, 6 F.3d 1233, 1236–37 (7th Cir. 1993) (excluding evidence of murder conviction in Section 1983 case because "even a murderer has a right to be free from torture and the correlative right to present his claim of torture to a jury that has not been whipped into a frenzy of hatred"); *Christmas v. Sanders*, 759 F.2d 1284, 1293 (7th Cir. Ill. 1985) (excluding evidence of rape conviction in Section 1983 case); *Buchanan*, 2012 WL 1987917, at *1 (N.D. Ill. June 4, 2012) (excluding evidence of murder conviction in Section 1983 case); *Jones*, 2003 WL 21654279, at *2 (same).

8. True, Mr. Gevas's incarceration during the relevant timeframe (2004–2007) is necessary to the presentation of his case, but his prior, subsequent, and present incarceration and the details related to his convictions are not. Thus, impeachment evidence should be limited only to "the bare fact that Plaintiff is a convicted felon." *Buchanan*, 2012 WL 1987917, at *2 (excluding evidence of "(1) the nature and name of the crime (murder), (2) the date of the

- 2 -


conviction . . . and (3) the sentence imposed (life). The latter two data points must be kept from the jurors lest they lead jurors to draw prejudicial inferences about the seriousness of the crime").

9. A timely objection will not erase the unfairly prejudicial effect this evidence would have during the jury's consideration of relevant evidence and testimony proffered at trial.

WHEREFORE, for the reasons set forth above, Mr. Gevas respectfully requests that the Court enter an order (1) barring the defendants and the defendants' counsel and expert witness from introducing evidence regarding or suggesting the name, nature, timing, and length of sentence of Mr. Gevas's 1993 felony convictions; (2) barring the use of physical restraints on Mr. Gevas; and (3) ordering any security personnel guarding Mr. Gevas to wear plain clothes, maximize their distance from Mr. Gevas within the bounds of reasonable security, and otherwise conceal within the bounds of reasonable security the fact that they are guarding Mr. Gevas.

Dated: June 9, 2014

Respectfully submitted,

Plaintiff David Gevas,

By:     /s/ Justin R. Donoho
         One of His Attorneys

Todd C. Jacobs
Justin R. Donoho
Grippo & Elden LLC
111 South Wacker Drive
Suite 5100
Chicago, IL 60606
Telephone:   312-704-7700
Fax:         312-558-1195

## CERTIFICATE OF SERVICE

I, Justin R. Donoho, an attorney, hereby certify that on June 9, 2014, I caused a true and correct copy of the foregoing **PLAINTIFF'S MOTION IN LIMINE TO BAR CERTAIN EVIDENCE REGARDING HIS 1993 FELONY CONVICTIONS** to be served on the following counsel via ECF pursuant to the General Order on Electronic Filing of the United States District Court, Northern District of Illinois:

>Christopher E. Walter
>Illinois Attorney General's Office
>General Law Bureau
>100 W. Randolph Street, 13th Floor
>Chicago, IL 60601
>cwalter@atg.state.il.us
>
>Richard A. Tjepkema
>Charysh & Schroeder, Ltd.
>33 North Dearborn Street
>Suite 1300
>Chicago, IL 60602
>rtjepkema@cslaw-chicago.com
>r.tjepkema@yahoo.com

    /s/ Justin R. Donoho
Justin R. Donoho

1644318