IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| David Gevas, | ) | |
| | ) | |
| Plaintiff, | ) | No. 08 C 3074 |
| | ) | |
| v. | ) | |
| | ) | Hon. Ronald A. Guzman |
| Terry McCann, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MOTION IN LIMINE TO
BAR ANY REFERENCE TO HIS LAST NAME**

Plaintiff David Gevas moves this Court to enter an order barring all use of the word "Gevas" at trial. In support of this motion, Mr. Gevas states as follows:

1. The details of Mr. Gevas's murder convictions have been known publicly in Chicagoland for decades. These details—as evident from the very first result of a Google search on "David Gevas," which is performable from, *e.g.,* a cell phone with internet access—are as follows:

> Gevas Sentenced To Life In Prison - Chicago Tribune
> articles.chicagotribune.com › ... › Illinois Supreme Court ▾ Chicago Tribune ▾
> Aug 2, 1996 - **David Gevas** was sentenced to life in prison without parole on Thursday for murdering his infant children in 1992 by throwing them across the ...

2. The probative values of such details, and of the use of the word "Gevas" that could trigger jurors' memories of them and would enable curious jurors to easily discover them, are nil, and are substantially outweighed by the danger of unfair prejudice. *E.g.,* Fed. Rs. Evid. 609(a), 403; *Wilson v. City of Chicago*, 6 F.3d 1233, 1236–37 (7th Cir. 1993) (excluding evidence of murder conviction in Section 1983 case, and explaining that "even a murderer has a right to be free from torture and the correlative right to present his claim of torture to a jury that has not been whipped into a frenzy of hatred").

3. The requested relief is a simple, unburdensome, effective way to keep such details from jurors and prevent any possibility of a mistrial. By contrast, it would be less likely to effectively keep such details from jurors and more burdensome on the jury were this Court instead, for example, only to sequester the jury and their cell phones and admonish them from performing a quick internet search.

4. Redacted versions of exhibits are prepared and available.

5. A timely objection will not erase the unfairly prejudicial effect this evidence would have during the jury's consideration of relevant evidence and testimony proffered at trial.

WHEREFORE, for the reasons set forth above, Mr. Gevas respectfully requests that the Court enter an order barring all use of the word "Gevas" at trial.

Dated: June 9, 2014

Respectfully submitted,

Plaintiff David Gevas,

By:    /s/ Justin R. Donoho
      One of His Attorneys

Todd C. Jacobs
Justin R. Donoho
Grippo & Elden LLC
111 South Wacker Drive
Suite 5100
Chicago, IL 60606
Telephone: 312-704-7700
Fax: 312-558-1195

**CERTIFICATE OF SERVICE**

I, Justin R. Donoho, an attorney, hereby certify that on June 9, 2014, I caused a true and correct copy of the foregoing **PLAINTIFF'S MOTION IN LIMINE TO BAR ANY REFERENCE TO HIS LAST NAME** to be served on the following counsel via ECF pursuant to the General Order on Electronic Filing of the United States District Court, Northern District of Illinois:

>Christopher E. Walter
>Illinois Attorney General's Office
>General Law Bureau
>100 W. Randolph Street, 13th Floor
>Chicago, IL 60601
>cwalter@atg.state.il.us

>Richard A. Tjepkema
>Charysh & Schroeder, Ltd.
>33 North Dearborn Street
>Suite 1300
>Chicago, IL 60602
>rtjepkema@cslaw-chicago.com
>r.tjepkema@yahoo.com

       /s/ Justin R. Donoho
       Justin R. Donoho

1644627