**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| David Gevas, ) | |
| ) | |
| Plaintiff, ) | No. 08 C 3074 |
| ) | |
| v. ) | Hon. Ronald A. Guzman |
| ) | |
| Terry McCann, et al., ) | |
| ) | |
| Defendants. ) | |

## PLAINTIFF'S RESPONSE TO DR. MITCHELL'S MOTIONS IN LIMINE #5 AND #6

Dr. Mitchell's Motions in Limine #5 and #6 effectively constitute a summary judgment motion because they seek to exclude all "argument, testimony, or claims" against her on the basis that there is no supporting evidence. *Fletcher v. Chi. Rail Link, LLC*, 06 C 842, 2007 WL 6402744, at *3 (N.D. Ill. July 25, 2007) ("purported motions in limine . . . effectively sought summary judgment . . . argued that certain evidence should be excluded because [third-party plaintiff] could not prove a case"). *Compare* Fed. R. Civ. P. 56.

These motions (collectively, the "summary judgment motion" or "motion") should be denied (I) because untimely filed without good cause, (II) for failure to comply with Local Rule 56.1, and (III) because Dr. Mitchell has not met her burden to show that there is no genuine dispute as to any material fact and she is entitled to judgment as a matter of law.

**I.      The Summary Judgment Motion Should Be Denied Because It Is Untimely Filed Without Good Cause.**

Summary judgment motions were due September 30, 2013. *See* Ex. A, Order of June 27, 2013 (discovery closed August 29, 2013); Fed. R. Civ. P. 56(b) (summary judgment motions are due 30 days after discovery closes unless the court orders otherwise); Ex. B, Order of September 4, 2013 (rejecting Dr. Mitchell's oral request to set a different deadline).

1678076

Dr. Mitchell filed the summary judgment motion over eight months late, during preparation for trial, and under the guise of motions limine with only one week to respond and communicate with the client though attorney-client communications come at a trickle pace at Stateville Correctional Center. This is highly prejudicial. Further, Dr. Mitchell makes no attempt to modify the schedule or show good cause for doing so as required by Rule 16(b)(4). The motion should be rejected for these reasons alone. *Sunstar, Inc. v. Alberto-Culver Co., Inc.*, No. 01 C 0736, 2004 WL 1899927, at *8 (N.D. Ill. Aug. 23, 2004) (rejecting what "amounts to an untimely request for summary judgment . . . [u]nder the guise of a motion in limine"); *Beasley v. UAW Union*, No. 08 C 4205, 2010 WL 2365068, at *1 n.1 (N.D. Ill. June 14, 2010) ("motion for summary judgment is untimely and will not be considered"); *Borrelli v. Unumprovident Corp.*, 01 C 6938, 2002 WL 31319476, at *5 (N.D. Ill. Oct. 11, 2002) (striking untimely filed summary judgment motion).

## II. The Summary Judgment Motion Should Be Denied Because It Fails to Comply with Local Rule 56.1.

Dr. Mitchell fails to attach any statement of material facts she contends are undisputed and entitle her to judgment as a matter of law as required by Local Rule 56.1. Therefore, any such purportedly undisputed material facts contained within the motion instead of in a Local Rule 56.1 statement should be stricken leaving no basis on which it could be granted. *Sagar Megh Corp. v. United Nat'l Ins. Co.*, No. 12-CV-4959, 2013 WL 5951771, at **1–2 (N.D. Ill. Nov. 6, 2013) (striking purportedly undisputed facts contained only "in the middle of its supporting memorandum of law").

Even within the motion, Mitchell cites few facts. There are no fact sections, only argument sections with broad conclusions such as that Dr. Mitchell was not "personally involved" in Plaintiff's claims (Mot. #6 ¶ 2) or that Dr. Mitchell did not "cause" Plaintiff's injuries (Mot # 5 ¶ 15). (Untrue or genuinely disputed, as discussed in Section III below.) And

as to the only two arguably non-conclusory purported facts Mitchell does cite, she does not attempt to characterize them as undisputed and material, nor can she, as shown here:

> 1. Dr. Mitchell did not practice dentistry October 2006 to September 2007. (Mot. #6 at 3–4.)
>
> **RESPONSE:** Disputed. Ex. C, Wexford 30(b)(6) Dep. Tr. 12 ("Q. . . . first half of 2007 . . . Who worked there in the dental office? A. . . . Dr. Mitchell"); *id.* at 14 ("Q. . . . from February, 2007, to June, 2007 . . . Was anyone a Chief Dentist? A. Dr. Mitchell"); *id.* at 23–24 ("Q. . . . From January 30th, 2007, through June of 2007, did you ever see Dr. Mitchell . . . provide preventative and restorative dental services to anybody? A. Yes") (continuing to answer affirmatively regarding numerous other dental services she provided) (internal quotation marks omitted).
>
> 2. Dr. Mitchell was not responsible for scheduling dental appointments. (Mot. #6 at 4)
>
> **RESPONSE:** Disputed. Ex. C, Wexford 30(b)(6) Dep. Tr. 64–65 & Ex. D, Selmer Dep. Tr. 57–58, 107–08 (dentists such as Dr. Mitchell who were working in the clinic during this timeframe recorded requests received in the dental clinic into a request book and then scheduled related appointments into an appointment book); Ex. E, Sheehy Decl & Ex. C, Wexford 30(b)(6) Dep. Tr. 21–22, 65–66 (the request book and appointment book for 2007 showing, for example, these entries and the handwriting indicating who wrote them, are missing though it was Stateville's policy to maintain them); Ex. C, Wexford 30(b)(6) Dep. Tr. 19–20 ("Q. . . . Who . . . was ultimately responsible for making sure that a patient who needed to be seen would get scheduled? A. . . . Chief Dentist. I'm not trying to put Dr. Mitchell out there, but probably ultimately that"); *id.* at 70 ("ultimately it would come back to Dr. Mitchell on if somebody was scheduled or not").

3

In short, the summary judgment motion should be denied because the facts contained within it are few, disputed, and should be disregarded for otherwise failing to comply with Local Rule 56.1. *Sagar*, 2013 WL 5951771, at **1–2; *Raube v. Am. Airlines, Inc.*, 539 F. Supp. 2d 1028, 1031 (N.D. Ill. 2008) ("The Seventh Circuit has repeatedly held that a district court is entitled to expect strict compliance with Rule 56.1 . . . If a party fails to comply with Local Rule 56.1, the Court disregards putative 'facts' proffered by that party") (internal citation omitted).

### III. The Summary Judgment Motion Should Be Denied Because It Lacks Merit

#### A. Additional Facts

The following is a selection of additional facts that support Plaintiff's claims against Dr. Mitchell. They are either undisputed in Plaintiff's favor or genuinely disputed and therefore fit for a jury to decide. A fuller treatment of the uncontested and contested facts in this case will be provided to the Court in the Final Pretrial Order to be filed June 23.

At all times relevant in this lawsuit, Plaintiff was incarcerated at Stateville Correctional Center and his only option for receiving dental treatment was to visit Stateville's dental clinic.

The rule at Stateville is that Defendants had discretion to perform root canal therapy on Plaintiff's upper molar. Ex. F, Wexford Policy at p. DEN-7, ¶ F; Ex. G, Mitchell Dep. Tr. 24–25 (policy applied to all dentists at Stateville); *id.* at 29–30 ("Q. What about if the patient wants root canal surgery to save an otherwise savable tooth? A. I think that, obviously, based on Wexford policy, they have a right, the dentist has a right to evaluate the tooth, et cetera, and make that decision"); Ex. H, IDOC AD 4.03.102, ¶ 8(b) ("endodontics [root canal therapy] . . . may be available as determined clinically necessary by the facility dentist or Dental Director, if applicable").

Dr. Mitchell flouted the rule. Plaintiff will testify that: (a) He requested root canal therapy on his upper molar from Dr. Mitchell in 2005. (b) She denied the request, refused to

4

consider whether to perform root canal therapy, claimed there was a rule supposedly <u>barring</u> it, and instead offered only an extraction. (c) Plaintiff refused extraction in lieu of root canal therapy only because he could stand the pain at this time, as advised by oral surgeon Dr. Craig, and because he believed his upper molar should be saved and a dentist should perform root canal therapy. (d) Only by 2007 was his pain so severe that he acceded to an extraction to relieve the pain, although he twice requested and was denied root canal therapy then too.

It was foreseeable that had Plaintiff received root canal therapy when he requested it from Dr. Mitchell in 2005, the four months of excruciating pain occurring in 2007 that form the centerpiece of Plaintiff's claims would have been prevented. *E.g.,* Ex. G, Mitchell Dep. Tr. 80–81; Ex. D, Selmer Dep. Tr. 20–21; Ex. I, Wenckus Rpt. at 3.

Four months of severe pain associated with a serious dental infection began on or about January 30, 2007. Ex. J, Patient Record; Ex. D, Selmer Dep. Tr. 54–55 ("He was in pain . . . it's an emergency . . . January 30, 2007 . . ."); *id.* at 97–98 (Plaintiff's condition was an "infection" with "potential to spread to the maxillary sinus or the deep veins of the brain").

Plaintiff should have been scheduled to receive root canal therapy or extraction within about a week of the January 30, 2007 diagnosis. Ex. N, 2009 Mitchell Dep. Tr. 39:20–24 (treatment should have been received within "seven days at the most"); Ex. D, Selmer Dep. Tr. 55:11–12 (treatment should have been received "[w]ithin that week").

Dr. Mitchell knew about Plaintiff's four months of severe pain about halfway into it at the latest. First, she encountered Plaintiff in the commissary while with assistant warden Venita Wright. Ex. K, Gevas Dep. Tr. 86–87. Plaintiff will testify that: (a) this encounter occurred in early April 2007; (b) during it he asked Dr. Mitchell for an appointment to relieve his severe pain; and (c) the swelling on his head made his painful condition obvious. In addition, grievances Plaintiff wrote describing his condition and need for an appointment were received

5

April 27 by the office Dr. Mitchell claims to have worked in. Ex. L, March 18 and 25 Grievances.

From about one week after January 30, 2007, to June 5, 2007, David will testify that he: (a) told anyone who would listen that he needed help, although, to anyone who saw him beginning March 2007, the swelling on his face made it obvious; (b) was either ignored or told to talk to the dentist; and (c) wrote many requests to the dental clinic for dental appointments, often daily. These requests would have been recorded in a request book and related appointments scheduled in an appointment book by dentists such as Dr. Mitchell who were working in the clinic during this timeframe. Ex. C, Wexford 30(b)(6) Dep. Tr. 64–65; Ex. D, Selmer Dep. Tr. 57–58, 107–08. The request book and appointment book for 2007 showing, for example, these entries and the handwriting indicating who wrote them, are missing though it was Stateville's policy to maintain them. Ex. E, Sheehy Decl; Ex. C, Wexford 30(b)(6) Dep. Tr. 21–22, 65–66.

Though she was a practicing dentist and head dentist with responsibility for scheduling patients and knew Plaintiff was suffering with an obvious dental emergency, Dr. Mitchell took no action January through June 2007 to have a dental appointment scheduled for Plaintiff. Ex. M, Mitchell's Resps. to Reqs. for Admission 40–52.

### B.     Argument

The foregoing confirms that Dr. Mitchell has not met her burden under Rule 56 to show that there is no genuine dispute as to any material fact and she is entitled to judgment as a matter of law on Plaintiff's Section 1983 and negligence claims. *E.g., Berry v. Peterman*, 604 F.3d 435, 437–38 (7th Cir. 2010) (reasonable jury could infer that medical personnel acted with deliberate indifference toward painful dental condition by "persisting" in being "ineffective" toward treating it and thus they "subjected [plaintiff] to two months of serious but avoidable pain");

*Clark v. State*, 37 Ill.Ct.Cl. 231, 236 (1984) (finding negligence where because of defendant's negligent acts plaintiff "was forced to undergo three months of unnecessary pain and suffering").

In addition, these claims are supported by the testimony of Plaintiff's expert, Dr. Christopher S. Wenckus, Head of Endodontics at the UIC's College of Dentistry. Dr. Mitchell argues that Dr. Wenckus will not support Plaintiff's claims because he leaves unresolved for a jury to decide the factual issues of what defendants knew and did. Mitchell Mot. #5 ¶¶ 8–15. Not true. Dr. Wenckus will assist the jury in deciding these and other factual issues by providing expert opinion testimony related to, for example, the seriousness of Plaintiff's condition, the proper dental standard of care, Dr. Mitchell's failure to meet that standard, and proximate causation. Ex. I, Wenckus Rept. at 3 ("dentist . . . should have been aware of the consequences of not properly treating tooth #3 . . . which can lead to pain and suffering. Proper dental procedures, which any competent dentist would follow, were not followed in this case . . . The proper procedure should have been to reschedule the patient within a reasonable amount of time which would have been seven to ten days . . . attending dentists, Drs. Mitchell and Selmer, failed to treat David in a timely manner, that which would be expected of any competent dentist. Both had access to the records and should have been able to anticipate the outcomes").

WHEREFORE, Plaintiff respectfully requests that this Court deny Dr. Mitchell's Motions in Limine #5 and #6.

| | |
|---|---|
| Dated: June 16, 2014 | Respectfully submitted, |
| Todd C. Jacobs<br>Justin R. Donoho<br>Grippo & Elden LLC<br>111 South Wacker Drive<br>Suite 5100<br>Chicago, IL 60606<br>Telephone: 312-704-7700<br>Fax: 312-558-1195 | Plaintiff David Gevas,<br><br>By: \_\_\_\_/s/ Justin R. Donoho_____<br>One of His Attorneys |

7

1678076

## CERTIFICATE OF SERVICE

I, Justin R. Donoho, an attorney, hereby certify that on June 16, 2014, I caused a true and correct copy of the foregoing **PLAINTIFF'S RESPONSE TO DR. MITCHELL'S MOTIONS IN LIMINE #5 AND #6** to be served on the following counsel via ECF pursuant to the General Order on Electronic Filing of the United States District Court, Northern District of Illinois:

>Christopher E. Walter
>Erin R. Gard
>Illinois Attorney General's Office
>General Law Bureau
>100 W. Randolph Street, 13th Floor
>Chicago, IL 60601
>cwalter@atg.state.il.us
>egard@atg.state.il.us
>
>Richard A. Tjepkema
>Charysh & Schroeder, Ltd.
>33 North Dearborn Street
>Suite 1300
>Chicago, IL 60602
>rtjepkema@cslaw-chicago.com
>r.tjepkema@yahoo.com

       /s/ Justin R. Donoho
       Justin R. Donoho

1678076