IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID GEVAS, | ) | |
| | ) | |
| Plaintiff, | ) | No. 08-CV-3074 |
| | ) | |
| v. | ) | Judge Guzman |
| | ) | |
| TERRY MCCANN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT DR. WILLIAM SELMER'S MOTION FOR
JUDGMENT AS A MATTER OF LAW**

Defendant, DR. WILLIAM SELMER, by his attorneys, CHARYSH & SCHROEDER, LTD., for his motion for judgment as a matter of law pursuant to Fed. R. Civ. P. 50 for plaintiff's failure to exhaust administrative remedies states:

**I. DEFENDANT HAS PRESERVED THE DEFENSE OF EXHAUSTION**

1. Plaintiff claims defendant Selmer was deliberately indifferent to his serious medical needs by failing to properly ensure he received follow up dental care in a timely fashion after January 30, 2007.

2. Pursuant to the Prison Litigation Reform Act, "No action shall be brought with respect to prison conditions under Section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C.A. § 1997e.

3. Plaintiff has asserted that he believes Dr. Selmer has waived this argument. However, that is not the case.

4. Failure to exhaust administrative remedies is an affirmative defense. *Walker v. Thompson*, 288 F.3d 1005 (7th Cir., 2002) An affirmative defense is waived if not included in an answer. *Winforce v. Coachman Industries, Inc.* 691 F.3d 856 (7th Cir., 2012)

5. Dr. Selmer was first brought into this case in plaintiff's Third Amended Complaint. In his answer to this complaint he specifically plead the affirmative defense of plaintiff's failure to exhaust his administrative remedies. (See Answer to Third Amended Complaint attached as Exhibit A)

6. After the close of discovery, plaintiff was granted leave to file a Fourth Amended Complaint. Defendant Selmer answered this complaint on September 17, 2013. In his answer he again plead the affirmative defense of plaintiff's failure to exhaust his administrative remedies. (See Answer to Fourth Amended Complaint Attached as Exhibit B)

7. Plaintiff also appears to claim that defendant Selmer has waived this affirmative defense based on *Pavey v. Conley*, 544 F.3d 739 (7th Cir., 2008).

8. However, *Pavey* does not stand for the proposition that failure to seek a hearing prior to the completion of discovery in any way waives the affirmative defense. This is especially true in a case such as this, where plaintiff files his final amended complaint after all discovery is closed. Plaintiff can cite to no prejudice which will result from having this issue decided by the Court now. *Pavey* simply stands for the proposition that the question of whether an inmate exhausted his administrative remedies is an issue for the Court, not the jury.

9. Courts in this Division of the Northern District routinely do not even address issues such as this prior to the conclusion of discovery and they are entertained in motions for summary judgment. As plaintiff cannot show any prejudice in addressing this issue now, and it was raised in the pleadings, it is properly before the Court and has not been waived.

10. Waiver only applies when there has been the voluntary or intentional relinquishment of a known right. *Winforce*, at 872. Plaintiff cannot show any facts which would support a finding that Dr. Selmer voluntarily or intentionally waived the defense of plaintiff's failure to exhaust his administrative remedies.

## II. PLAINTIFF HAS FAILED TO EXHAUST

11. In *Pavey v. Conley*, 544 F.3d 739 (7th Cir., 2008) the Seventh Circuit found that a plaintiff does not have a Seventh Amendment right to a jury determination of whether he exhausted his administrative remedies and set forth a new sequence to be followed in cases where exhaustion is contested. Under this sequence it is the district judge who decides if the plaintiff exhausted his remedies. If the judge finds the plaintiff did exhaust, the case then proceeds. If the judge finds that the plaintiff did not exhaust, the plaintiff must then go back and exhaust, if possible. If the plaintiff's failure to exhaust is innocent, he must be given another chance to exhaust. If the failure to exhaust was the plaintiff's fault, the case is over.

12. Unless a prisoner completes the administrative process by following the rules the state has established for the process, exhaustion has not occurred. *Pozo v. McCaughtney*, 286 F.3d 1022 (7th Cir., 2002)

13. Illinois has a formal administrative grievance process. *See 20 Ill. Adm. Code §504.820*. Pursuant to this process an offender must first attempt to resolve any problems (other than those involving disciplinary proceedings) through his counselor. If he is unable to resolve his complaint informally, he must then file a grievance. This grievance must be filed within 60 days after the discovery of the problem which gives rise to the grievance. The grievance shall contain factual details regarding each aspect of the offender's complaint, including what happened, when, where, and the **name of each person who is subject to or otherwise involved in the complaint**. (*20 Ill. Admin. Code §504.810(a & b)*)

14. The grievance is then submitted to a grievance officer who reviews it. The officer considers the grievance and reports his or her findings and recommendations in writing to the Chief Administrative Officer of the facility. The Chief Administrative Officer shall advise the offender of the decision in writing within 2 months after receipt of the written grievance, if reasonably feasible. (*20 Ill. Admin. Code §504.830*)

15. If, after receiving the response of the Chief Administrative Officer, the offender still feels that the problem has not been resolved, he may appeal to the Director in writing within 30 days after the date of the decision. The director, or his designate, reviews the grievance and the responses and determines if the grievance requires a hearing or if it can be resolved without a hearing. The findings are then provided to the offender. (*20 Ill. Admin. Code §504.850*)

16. An inmate must exhaust all available administrative remedies before filing a lawsuit challenging prison conditions. 42 U.S.C. § 1997e(a); *Woodford v. Ngo*, 548 U.S. 81, 126 S.Ct. 2378, 2382-83, 165 L.Ed.2d 368 (2006); *Pozo v. McCaughtry*, 286

F.3d 1022, 1024 (7th Cir., 2002). This means that inmates must follow a state's rules about the content of grievances, ***Strong v. David***, 297 F.3d 646, 649 (7th Cir., 2002)

17. In the present case, plaintiff has not filed any grievance against Dr. Selmer, and he has not specifically named him in any grievance. While he did file certain grievances concerning other issues, they are insufficient to exhaust his administrative remedies as to Dr. Selmer because:

   a. Gevas never grieved against Dr. Selmer by name;

   b. Gevas never complained that any dentist refused him treatment, misdiagnosed him, or failed to properly treat him;

   c. Gevas' grievances only complained of his desire for a root canal rather than the recommended extraction as his preferred course of action; and

   d. Gevas complained of security personnel not allowing him to attend his dental appointments (See plaintiff's grievances attached as Exhibits C)

18. Additionally, there is no evidence that plaintiff properly appealed his grievances to the Director. While it appears plaintiff filed an appeal as to some grievance, it was returned as being filed outside the timeframe prescribed. As plaintiff has not properly exhausted his administrative remedies, his claims against Dr. Selmer are barred.

19. A prisoner can exhaust his administrative remedies only by following the prison's administrative rules closely. ***Pozo v. McCaughtry***, 286 F.3d 1022, 1025 (7th Cir., 2002) (holding that "to exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require."); ***Burrell v. Powers***,

431 F.3d 282, 285 (7th Cir., 2006)(failure to take timely appeal in state grievance process is a failure to exhaust).

20. "Exhaustion" under the PLRA means carrying administrative grievances through to the very end, and any procedural history that falls short of this does not demonstrate exhaustion. *Pozo*, 286 F.3d at 1024 (holding that the term 'exhaustion' "means using all steps that the agency holds out, and doing so *properly*").

21. As plaintiff cannot show he has filed a grievance against Dr. Selmer, or one complaining of any conduct or lack thereof of Dr. Selmer, much less completed all of the steps regarding such grievance, judgment should be entered in Dr. Selmer's favor and against plaintiff.

WHEREFORE, defendant DR. WILLIAM SELMER, respectfully requests this Honorable Court grant his motion and enter judgment against plaintiff and in his favor and grant such other, further relief as the Court deems just and proper.

                                      CHARYSH & SCHROEDER, LTD.

                                      __s/ Michael J. Charysh_____

CHARYSH & SCHROEDER, LTD.
33 North Dearborn Street
Suite 1300
Chicago, Illinois 60602
(312) 372-8338
Michael J. Charysh (ARDC# 6187455)
Richard A. Tjepkema (ARDC # 6217445)

**PROOF OF SERVICE BY ELECTRONIC FILING AND U.S. MAIL**

      The undersigned attorney certifies that on June 24, 2014, this document was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record at the email addresses indicated above; this notice, and the documents referred to therein have also been served on all parties not electronically served by causing a copy of the same to be placed in the U.S. Mail at 33 North Dearborn Street, Chicago, Illinois on or before 5:00 p.m. on June 24, 2014, with proper postage prepaid.

                                                                                                                   __ s/ Michael J. Charysh __