# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DAVID GEVAS, | ) |
| | ) |
|     Plaintiff, | ) |
| | )   No. 08 C 3074 |
| v. | ) |
| | )   Judge Ronald A. Guzmán |
| TERRY McCANN, et al., | ) |
| | ) |
|     Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Defendant Selmer asks the Court to enter judgment as a matter of law in his favor because plaintiff failed to exhaust administrative remedies. For the reasons set forth below, the Court denies the motion.

## Facts

On March 18 2007, Gevas filed a grievance that states:

> On 1/30/07, according to dental x-rays, dentist, and pain, I am in need of a root canal procedure on the third tooth from the back, top, molar. According to the dentist, IDOC rules do not allow a root canal procedure on a molar. Since 1/30/07 to the date of writing, a very painful/abscess formed above the molar. On 3/11/07, I wrote the dental office requesting immediate treatment, via institutional mails and C-house medical technician and as of 3/18/07, nothing has been done for pain or abscess or root canal.

(Selmer Mot. J. Matter Law, Ex. C, 3/18/07 Grievance.) The relief Gevas requested was "[a] root canal procedure to the molar." (*Id.*)

On April 12, 2007, a correction counselor received the grievance and sent it to Medical Director Dr. Ghosh. (*Id.*, 3/18/07 Grievance.) On April 27, 2007, the counselor sent a second copy to Dr. Ghosh. (*Id.*)

On April 28, 2007, Dr. Ghosh responded to the grievance, saying: "[Gevas'] medical records show that he saw a dentist on 1/30/07. He was no show for his [dental] appointment on 3/28/07. He is advised to contact Dr. Mitchell for any dental issues." (*Id.*, 4/28/07 Mem. to Counselor from Ghosh.)

On May 31, 2007, a grievance officer reviewed Gevas' grievance and Dr. Ghosh's response, and recommended to the Chief Administrative Officer ("CAO") that no further action be taken. (*Id.*, 5/31/07 Grievance Officer's Report.)

On June 12, 2007, a week after Gevas' tooth was pulled, the CAO concurred with the grievance officer's recommendation. (*Id.*)

On July 10, 2007, Gevas appealed the CAO's decision to the Director and Administrative Review Board ("ARB"). (*Id.*; *id.*, 7/10/07 Letter from Gevas to ARB.) On October 16, 2007, the ARB dismissed Gevas' appeal as untimely because the ARB had received it on July 13, 2007, thirty-one days after the CAO denied the grievance. (*Id.*, 10/16/07 Return of Grievance.)

## Discussion

The Prison Litigation Reform Act requires inmates to exhaust administrative remedies requirement before filing suit. *See* 42 U.S.C. § 1997(e)(a). To satisfy the exhaustion requirement, a prisoner "must take all steps prescribed by the prison's grievance system," *Ford v. Johnson*, 362 F.3d 395, 397 (7th Cir. 2004), and comply with its rules with respect to the form, timeliness, and

2

content of grievances, *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004). Defendant bears the burden of proving failure to exhaust. *Kaba v. Stepp*, 458 F.3d 678, 681 (7th Cir. 2006),

IDOC's grievance procedure requires an inmate to "file a written grievance . . . . within 60 days after the discovery of the . . . problem that gives rise to the grievance." 20 Ill. Admin. Code. 504.810(a). "The grievance shall contain factual details regarding each aspect of the offender's complaint, including . . . the name of each person who is . . . involved." 20 Ill. Admin Code. 504.810(b). If the offender does not know the name of a person involved, "[he] must include as much descriptive information about the individual as possible." (*Id.*) Each grievance is reviewed by a grievance officer, who makes a recommendation regarding the action to be taken and sends the grievance and recommendation to the CAO. 20 Ill. Admin. Code 504.820, 830(d). "The [CAO] shall advise the offender of the decision in writing within 2 months after receipt of the written grievance, where reasonably feasible under the circumstances." 20 Ill. Admin. Code 504.830(d). If the offender does not think the CAO's response resolves the problem, he must "appeal in writing to the Director within 30 days after the date of the decision." 20 Ill. Admin. Code 504.850(a). The Director determines whether the grievance will be heard by an ARB. 20 Ill. Admin. Code 504.850(b).

Selmer contends that Gevas did not comply with these requirements because his grievance: (1) does not identify Selmer by name; (2) does not say that he received improper dental treatment; and (3) was rejected as untimely at the last step of the appeal process.[1] None of these arguments is persuasive.

---

[1]Selmer also argues that Gevas sought relief, a root canal, that was not medically required. However, that is an argument about the merit of Gevas' claim, not exhaustion.

First, IDOC's grievance does not require an inmate to identify by name the person about whom he complains as long as he includes in the grievance "as much descriptive information about the individual as possible." 20 Ill. Admin Code. 504.810(b). Unless there were hundreds of dentists working at Stateville in 2007, and Selmer offers no evidence that there were, Gevas' complaint about dental treatment he received on January 30, 2007 is sufficient.

Selmer's second argument, that the grievance does not allege that Gevas received improper dental treatment, is simply incorrect. The grievance states that the dentist told Gevas on January 30, 2007 that he needed, but would not get, a root canal. (Selmer Mot. J. Matter Law, Ex. C, 3/18/07 Grievance.) Whether a root canal was, in fact, the proper treatment is another issue, but there is no question that Gevas complained in the grievance that he did not receive proper dental treatment.

Selmer fares no better with his last argument, that Gevas did not exhaust because the ARB rejected his appeal as untimely. First, it is not clear that the appeal was late, given that: (1) the Director's decision is dated June 12, 2007; (2) a timely appeal is one "submitted" to the ARB within thirty days of the Director's decision; (3) Gevas' appeal is dated July 10, 2007; and (4) the ARB rejected the appeal because it was "received" one day late. (*See id.*, 5/31/07 Grievance Officer's Report; *id.*, 7/10/07 Letter from Gevas to ARB; *id.*, 10/16/07 Return of Grievance.) Moreover, the extraction of Gevas' tooth on June 5, 2007 mooted his grievance for a root canal, even before the Director made the decision that was the subject of the ARB appeal. Thus, even if Gevas failed to complete the ARB appeal, that fact would not defeat his claim against Selmer

4

**Conclusion**

For the reasons set forth above, the Court denies Selmer's motion for judgment as a matter of law [368].

**SO ORDERED.**                                    ENTERED: June 27, 2014

*Ronald A. Guzman*
**HON. RONALD A. GUZMAN**
**United States District Judge**